## LOS ANGELES HEIGHTS INDEPENDENT SCHOOL DIST. et al. v. WHITEHEAD.

### No. 8524.

Court of Civil Appeals of Texas. San Antonio. Jan. 7, 1931.

Rehearing Denied Feb. 4, 1931.

Boyle, Wheeler, Gresham & Terrell, of San Antonio, for appellants.

Carter & Carter and Douglas & Black, all of San Antonio, for appellee.

SMITH, J.

On May 8, 1929, the board of trustees of Los Angeles Heights independent school district, in Bexar county, re-elected E. S. J. Whitehead as district superintendent for the ensuing 1929–30 school term, and tendered the position to him. In July, upon the assumption that Whitehead had not accepted, but had declined the office, the board proceeded to elect F. S. Eakley thereto. The latter accepted, and in due course entered upon, and presumably is still performing, the duties of the office, to the exclusion of Whitehead.

Whitehead took the position that he had timely accepted the office when tendered him by the board, and was therefore entitled to perform the duties and receive the salary thereof. His contention was rejected by the board, and he appealed to the state superintendent of public instruction, as provided by statute, article 2656, R. S. 1925. After a full hearing, the state superintendent sustained the local board, affirming its action in rejecting Whitehead. From this decision Whitehead appealed to the state board of education, as provided by the cited statute.

The state board, in the absence of any representative of the local board, and without a hearing, reversed the decision of the state superintendent, and adhered to that reversal on rehearing. The effect of this decision, if enforced, was to oust Eakley and reinstate Whitehead as district superintendent. The local board thereupon brought this action in the district court to revise the action of the state board and to enforce its own action in electing and contracting with Eakley as district superintendent for the current school term.

In the district court the local board made timely legal demand for a jury, which was allowed, and the jury was duly impaneled and selected. Upon the trial, however, the court below rejected all evidence offered by the local board on the merits of the controversy, upon the theory that the action of the state board, in reversing the decision of the state

superintendent in favor of Whitehead was conclusive upon the merits of the controversy and could not be inquired into or revised by the courts. In this we conclude the trial court erred.

The controversy does not appear to be one in which the school authorities have final or conclusive discretion. It does not involve questions merely of regulation, or policy, or the employment or discharge of teachers or employees of the public schools of the district, or any other question merely incident to the management and control of those schools. It involves, on the other hand, the sole question of whether Whitehead was legally elected to and timely accepted the office of district superintendent, under circumstances constituting a legal and binding contract between the local board and Whitehead. The issue is thus resolved into a controversy over the legal rights and liabilities of the parties, which is a judicial question which the parties have the right to have finally determined in the courts, and upon a state of facts to be ascertained by a jury, if legal demand be made therefor by either party.

· With this right in view, the judgment is reversed, and the cause remanded.