The judgments of the trial court and of the Court of Civil Appeals are affirmed.

BLAIR v. BOARD OF TRUSTEES, TRINITY INDEPENDENT SCHOOL DIST. et al.

No. 11364.

Court of Civil Appeals of Texas. Galveston.

April 9, 1942.

Rehearing Denied April 30, 1942.

Crow & Chessher, of Groveton, for appellant.

Vinson, Elkins, Weems & Francis, C. E. Bryson, and M. K. Collie, all of Houston, and Joe J. Newman, of Trinity, for appellees.

MONTEITH, Chief Justice.

This suit was brought by appellant, E. L. Blair, to set aside an order of the Board of Trustees of the Trinity Independent School District and the Board of Education of the State of Texas finding him guilty of certain charges brought against him by the Board of Trustees and discharging him as Superintendent of Schools of the Trinity Independent School District.

The Board of Trustees charged appellant with withholding, mishandling, and misapplying funds belonging to the school

district and with failure to divulge information in reference to the handling of said funds, and notified him that he would be given a hearing on said charges before the Board. Upon a hearing thereon, an order was entered by the Board finding him guilty of said charges and discharging him from his position as Superintendent of its schools. He appealed from this order to the State Superintendent of Public Instruction, who, after a hearing, reversed the order of the Board of Trustees and reinstated appellant as Superintendent of Schools of said district. The Board of Trustees then appealed to the State Board of Education, which Board, after a hearing, reversed the order of the Superintendent of Public Instruction and affirmed the order of the Board of Trustees.

This suit is an appeal to the district court of Trinity County, Texas, from the order of the State Board of Education.

On a trial before a jury in the district court, the trial court, at the conclusion of appellant's evidence, instructed the jury to render a verdict in favor of appellees, and judgment was rendered in accordance therewith, denying appellant all relief sought. Appellant has appealed to this court from this action of the trial court.

At the time of the institution of these proceedings, appellant had been superintendent of the schools of the Trinity Independent School District for a period of approximately 12 years. As a part of his duties as such superintendent, he had received and disbursed certain funds of the school district. On July 20, 1940, he was served with notice by the school board that he would be given a hearing on July 31, 1941, on charges preferred against him by the board. The notice contained the following statement: "If the Board of School Trustees, at such hearing on the above date, shall find that the school authorities audit represents a true statement of accountability of funds passing through and in your possession it will be necessary to discharge you from the duties as superintendent of the Trinity Independent School District. If such report and comment of the auditor should be found true, then it is evident that you have withheld, mishandled and misapplied funds belonging to the Trinity Independent School District, and that you have failed to divulge material information relative to the handling of said funds to the Trinity Independent School District."

Prior to the filing of said charges against appellant, the trustees of the school district had employed an accountant to audit appellant's accounts and to prepare a report thereon. This report showed an "unlocated difference" between the account in which appellant had deposited the funds of the school district and the amount to which the school district was entitled, as shown by the report. Appellant also employed an accountant to audit his accounts and to prepare a report thereon. This report showed that there was no shortage in the school funds entrusted to appellant. Thereafter, each of said auditors made analyses of the audits made by the other. Both of these audits and the reports made by the two auditors were introduced in evidence at each of the hearings above referred to.

The controlling questions to be determined in the appeal are, (1) whether or not the charges brought against appellant by said Board of Trustees and its order based thereon discharging him as superintendent of its schools involved matters relating to the internal affairs of the school and the efficient management thereof, and (2) whether or not the action of the State Board of Education in its hearing of the appeal from the order of the State Superintendent of Instruction was arbitrary, capricious, or fraudulent.

The parts of Article 2656, R.S.1925, material to this appeal provide: "The State Superintendent shall be charged with the administration of the school laws and a general superintendency of the business relating to the public schools of the State * * *. He shall hear and determine all appeals from the rulings and decisions of subordinate school officers, and all of the officers and teachers shall conform to his decisions. Appeal shall always be from his rulings to the State Board. * * *"

 In discussing the confusion that has heretofore existed concerning the effect to be given the findings of fact by an administrative agency, upon a contest of an order of such agency in court, the Supreme Court, speaking through Chief Justice Alexander, in the case of Railroad Commission of Texas et al. v. Shell Oil Co., Inc., et al., 161 S.W.2d 1022, in an opinion handed down on March 11,

1942, has laid down the following rule: "* * * our statutes do not provide for the making of any findings of fact by an administrative agency. Nevertheless, when the validity of an order of such an agency is contested in court, certain presumptions are indulged in favor of the validity of such order in some instances. If the matter covered by the order is one committed to the agency by the Legislature, and involves the exercise of its sound judgment and discretion in the administration of the matter so committed to it, the court will not undertake to put itself in the position of the agency, and determine the wisdom or advisability of the particular ruling or order in question, but will sustain the action of the agency so long as its conclusions are reasonably supported by substantial evidence. This is so because, since the Legislature has seen fit to vest the authority to exercise sound judgment and discretion in the particular matter in the administrative agency, courts will not undertake to usurp the powers committed to the agency, and to exercise the agency's judgment and discretion for it. For example, in contesting an order of a commissioners' court fixing a tax rate, or an order of a school board concerning the management of schools, the court will not put itself in the position of the administrative agency for the purpose of determining whether or not the action was wise. Wright v. Allen, Tex.Civ.App., 257 S.W. 980, par. 4, writ refused; Young County Board of School Trustees v. Bailey, Tex.Civ.App., 61 S.W.2d 130, par. 2, writ refused. In such a case the issue is not whether or not the agency came to the proper fact conclusion on the basis of conflicting evidence, but whether or not it acted arbitrarily and without regard to the facts. * * * In Texas, in all trials contesting the validity of an order, rule, or regulation of an administrative agency, the trial is not for the purpose of determining whether the agency actually heard sufficient evidence to support its orders, but whether at the time such order was entered by the agency there then existed sufficient facts to justify the same. Whether the agency heard sufficient evidence is not material. * * *"

In the case of Gragg v. Hill et al., Tex.Civ.App., 58 S.W.2d 150, 151, writ of error refused, the facts are identical in all material respects with those in the instant case. In the Gragg case appellant had made a contract with the trustees of the State Juvenile Training School at Gatesville, Texas, to teach in that institution for a period of 11 months. He was discharged by the Board of Trustees of that institution prior to the termination of his contract. On an appeal from this order of dismissal to the State Superintendent of Public Instruction it was charged that he was a poor disciplinarian; that he failed to keep order in school, and that he used unwholesome language in the presence of the pupils. The action of the Board of Trustees was upheld by the Superintendent of Public Instruction and upon an appeal to the State Board of Education, the orders of the local board and the Superintendent of Public Instruction were reversed and the salary due appellant was ordered paid. The school board refused to comply with the order of the State Board of Education and appellant filed suit in the district court to recover the amount of his unpaid salary, and for a writ of mandamus to compel said trustees to pay said sum of money. The court, speaking through Judge Alexander, who was then a member of the Waco Court of Civil Appeals, in its opinion said:

"The question which was before the state board of education was one of fact, and not of law, relating to the internal affairs of the school and the efficient management thereof, and came within the purview of the matters committed by the Legislature to such board for its determination and was therefore within the jurisdiction of such board. Harkness v. Hutcherson, 90 Tex. 383, 38 S.W. 1120; Brazoria Ind. School Dist. v. Weems Tex.Civ.App., 295 S.W. 268, par. 3; McCollum v. Adams, Tex.Civ.App., 110 S.W. 526. The decision of the state board that appellant had been improperly discharged and should be reinstated was final on that issue.

"By the provisions of the above statute [Art. 2656, R.S.1925] the Legislature has committed to the state superintendent, as one specially trained and experienced in school matters, the responsibility of deciding all questions relating to the internal affairs and management of the public schools of Texas. His decisions in such matters are final unless reversed by the state board of education. When an appeal is taken from his decision to the state board of education, the decision of that board becomes final and cannot and will not be interfered with by the courts unless such board acts arbitrarily or is actuated by fraud or abuses

1034

its discretion. The findings of such board on matters committed to its jurisdiction, when not arbitrary or capricious, are prima facie true and are as binding on the courts as is the verdict of a jury, and the court will not put itself in the position of the board and try the question anew for the purpose of testing the expediency or wisdom of the decision of the board, nor for the purpose of determining whether or not under similar testimony it would have made a similar or a different ruling."

The question before the school board and the State Board of Education in the instant case was one of fact relating to the manner in which appellant was performing his duties as superintendent of schools in connection with the handling and application of the finances of the school district which had been entrusted to his care. There was no implication in the findings made by the school board that appellant had been guilty of an intentional misapplication of the funds belonging to the school district, or of an intention on his part to appropriate the funds of the school to his own use and benefit. The board simply found as a fact that appellant had, "withheld, mishandled and misapplied funds belonging to the Trinity Independent School District" which had been entrusted to his custody as superintendent of its schools, and that he had "failed to divulge material information relative to the handling of said funds to the trustees of the school district." The question as to whether appellant should have been discharged for one or more of the reasons set out in the charges preferred against him were, we think, matters of fact relating to the internal affairs of the school and the efficient management thereof and "came within the purview of the matters committed by the Legislature to such board for its determination" and the decision of the State Board that appellant had been properly discharged was final on that issue.

Appellant's contention that the State Board of Education acted arbitrarily, capriciously, or fraudulently in affirming the judgment of the Board of Trustees of the Trinity Independent School District cannot be sustained. As stated by the Supreme Court in the case of Railroad Commission of Texas v. Shell Oil Co., Inc., et al., supra, it is generally recognized that where the order of the agency under attack involves the exercise of the sound judgment and discretion of the agency in a matter committed to it by the Legislature, the court will sustain the order if the action of the agency in reaching such conclusion is reasonably supported by substantial evidence, and, at the time such order was entered by the agency, there then existed sufficient facts to justify the entry of the order.

The record shows that beginning with the year 1929 and down to the date of his discharge, appellant had, as part of his duties as superintendent of schools, collected funds from the school district and that he kept these funds in an account in the local bank, known as the "E. L. Blair school Account". He testified that he had on certain occasions intermingled his own funds with those of the school district. The reports of both accountants were prepared from the records which appellant had made available to the accountant employed by the school district. Appellant's records, the audits thereof, and the reports and analyses of the audits, were available to the school authorities at each of said hearings. The audit prepared by the accountant for the school district and his statement concerning it showed that there was a shortage in the account. The audit prepared by the accountant employed by the appellant and the statement concerning it showed that there was no shortage in the account. The evidence at the hearing before the school board, including both of said audits and the reports thereon, were before the State Superintendent at the time he passed on the appeal from the local board. A transcript of all evidence heard by the State Superintendent was before the State Board of Education on the appeal from the ruling of the State Superintendent. The record shows that appellant was present and was represented by counsel at all hearings before the school authorities, and that no objection was made to the introduction in evidence of the audit made by the accountant employed by the school board, or the report thereon. As above stated, the fact to be determined in the hearing before the State Board was whether it was shown by substantial evidence that sufficient facts existed to justify the entry of the order. Under the above facts we think that there was ample evidence in the record to support the decision of the State Board of Education and appellant's contention that such decision was arbitrary, capricious or unreasonable, for that reason cannot be sustained.

Appellant contends that said accountant's report was secondary evidence

and should not have been considered by the school authorities in determining the charges against appellant. This contention cannot be sustained.

 It is well settled that in a court of law where books and accounts are made up of numerous detailed statements and cover a considerable period of time, and where the books and accounts are themselves available, an expert-accountant who has examined them may state his conclusions as to what they show. Further, the State Board of Education is an administrative body and, even when it acts in a quasi-judicial capacity, it is not limited by the strict rules, as to the admissibility of evidence, which are applicable to court proceedings.

It follows from above conclusions that the judgment of the trial court must be, in all things, affirmed. It is so ordered.

Affirmed.