

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS

XXXXXXXXXXXXXXXXXX

ATTORNEY GENERAL

AUSTIN 11, TEXAS

This opinion overrules Opinions
0-4020 and 0-4798 in so far as
there is conflict.

Hon. T.M. Trimble, First Assistant
State Superintendent of Public
   Instruction
Austin, Texas

Dear Sir:

Opinion No. 0-7323
Re: Legality of a superintendent
of an independent school dis-
trict to serve at the same
time on the County Board of
School Trustees. Article XVI,
Sec. 40, Const. of Texas.

We have your recent letter asking this question: "Is it
legal for a superintendent of an independent school district to
serve on the County Board of School Trustees of his county at the
same time?" We answer: "No."

Our reasons are as follows: Article XVI, Section 40, Texas
Constitution, prohibits with certain exceptions not material here
any person from holding, at the same time, more than one civil office
of emolument.

A county school trustee holds a civil office of emolument. See
Articles 2676, 2677, 2678a, 2681, 2683 and 2687, Vernon's Annotated
Civil Statutes.

If the superintendent of an independent school district also
holds a civil office of emolument, the reason for our answer is
apparent. The difficulty lies in drawing the line between a "public
office" and a "public employment." The concepts are different but
the dividing line is often obscured by loose language and by the
inadequacy of language as a medium of conveying clearout ideas. The
confusion is painfully evident in a paragraph in 34 Tex. Jur. p.
325, which attempts to distinguish the two ideas.

Our Opinion No. 0-4798 cited several cases from other states,
holding that school teachers and school principals are not "public
officers." The opinion concluded that a district superintendent
likewise is not an "officer" within the constitutional prohibition
above mentioned, but that the tax assessor-collector of the district
is such an "officer" because our courts have so held. Pruitt v.
Glen Rose Independent School District (Comm. App.) 84 S.W. (2d)
1004.

The Criminal Court of Appeals in Oklahoma expressly held (Ray v. Stevenson, 111 Pac. 2d 824) that a superintendent of an independent school district is a mere employee hired under contract and is not an official within the meaning of an act to punish those who commit extortion under color of official right.

Our Article 2781, Vernon's Annotated Civil Statutes, preserves the confusion.  It refers to such superintendents as "employees" and as "executive officers."  The statute reads as follows:

"The Board of Trustees of any city or town or any independent school district may employ a superintendent, principal, teacher, or other executive officers in the schools therein for a term of not to exceed three years, provided that the Board of Trustees of an independent school district which had a scholastic population of 5,000 or more in the last preceding scholastic year may employ a superintendent, principal, teacher, or other executive officers in the schools therein for a term not to exceed five years.  All twelve-month contracts made by trustees of independent school districts with employees herein mentioned shall begin on July first and end on June 30th of the year terminating the contract."

We now conclude that, despite the foregoing authorities, the decisions of our courts require the holding that a superintendent of schools in an independent school district is holding an office within the meaning of Section 40, Article XVI, Constitution of Texas, and, to the extent that our Opinion No. 0-4798 holds otherwise, such opinion is overruled.

In Kimbrough v. Barnett, 55 S.W. 120, the Supreme Court of Texas had before it this certified question:

"(1)  Is the position of superintendent of the public schools of the city of Houston an office for which a suit may be maintained in the district court?"

The Court answered as follows:  "We answer the first question in the affirmative.  The position of superintendent of the free schools in the city of Houston is an office, and the lawful incumbent of it would have a right of action to recover it or its emoluments in case he was unlawfully deprived of the benefit."

The court later reaffirmed this holding in Bonner v. Belsterling, 138 S.W. 571.  The Court of Civil Appeals at San Antonio (Los Angeles Independent School District v. Whitehead, 34 S.W. 2d 895) and the Court of Civil Appeals as Austin (Temple Independent School District v. Proctor, 97 S.W. 2d 1047) both regard the position of a superintendent of an independent school district as an office for which suit may be maintained.  The Austin Court says this point is settled law and cites the Kimbrough case.

Since the courts hold that such superintendent holds an "office", it is a "civil office of emolument."

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Donald Gay
Donald Gay
Assistant

DG:BT:egw:wc


APPROVED AUG 13, 1946
s/ Carlos Ashley
FIRST ASSISTANT
ATTORNEY GENERAL


This opinion considered and approved in limited conference.