**T. Albert MURRAY, Appellant,**

v.

**SAN AUGUSTINE COUNTY BOARD OF SCHOOL TRUSTEES, Appellee.**

**No. 6158.**

Court of Civil Appeals of Texas. Beaumont.

Nov. 21, 1957.

S. M. Adams, Jr., Nacogdoches, for appellant.

James A. Doherty, San Augustine, for appellee.

R. L. MURRAY, Chief Justice.

Appellant Murray sued the appellee San Augustine County Board of School Trustees, alleging in substance that he was hired by appellee as a school bus driver and fired without cause or a hearing on the matter, and sought damages for breach of the contract. Appellee filed its Plea to the Jurisdiction of the Court and Plea in Abatement, alleging that appellant had failed to follow the procedure required by the statutes of the State of Texas and the Rules and Regulations of the State Board of Education, for decision of controversies involving administrative problems of local school districts; alleging in detail such rules and regulations; and contending that the court was therefore without jurisdiction to hear his complaint, because any cause of action he may have had had been extinguished by such failure.

On a hearing on such plea, the appellant stipulated that he had not complied with the statute and rules and regulations pleaded against him.

The trial court sustained the plea in abatement, and dismissed the case.

On appeal, appellant presents only one point of error, which reads as follows:

"Appellant is entitled to a court determination of his cause of action on a state of facts to be ascertained by a jury."

Under this point appellant contends that the cases of Los Angeles Heights Ind. School District v. Whitehead, Tex.Civ. App., 34 S.W.2d 895, and Birdville Ind. School District v. Deen, Tex.Civ.App., 141 S.W.2d 680, support his contention. These cases are not in point. Both cases involved suits filed after all the procedure required by school statutes and rules had been followed, and hold that after such procedure has been exhausted, a claimant may have his suit heard in the courts and the findings and holdings against him of the various school authorities are not binding upon the court hearing such case. The cases of Bear v. Donna Ind. School District, Tex. Civ.App., 85 S.W.2d 797 and Hinojosa v. San Isidro Ind. School District, Tex.Civ. App., 273 S.W.2d 656, 657, are full authority to sustain the action of the trial court in sustaining the Plea in Abatement and dismissing the cause. When appellant stipulated that he had not complied with procedure required by the Rules of the State Board of Education, his case was brought squarely within the rule announced in the above cases. To quote from the Hinojosa case, supra:

"It appears well settled that prior to 1949, an employee of a school district, whose contract of employment was allegedly wrongfully terminated, was required to apply to the school authorities for relief before filing his suit in the district court. * * * Appellant, however, contends that the Act of 1949 [Vernon's Ann.Civ.St. art. 2654–1 et seq.], establishing the Central Education Agency, had the effect of abolishing or abrogating this rule. * * *

"In our opinion the provisions of the 1949 Act cannot be construed as evidencing a legislative intent to abrogate the then existing statutory plan which was intended to keep school controversies out of the courts as much as possible. The plan or procedure providing for preliminary action by the school authorities deprives no person of his legal rights, but simply provides an orderly procedure by which they may be enforced. The question of whether or not appellant was rightfully dismissed from his position with the school district obviously involves a question of fact. It was therefore necessary that appellant appeal to the proper school authorities before filing a suit in the district court."

We find no error presented by appellant's point, and the judgment is affirmed.