**J. I. JAMES et al., Appellants,**

**v.**

**The BOARD OF TRUSTEES OF the EAGLE PASS INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

No. 14291.

Court of Civil Appeals of Texas.

San Antonio.

March 25, 1964.

D. E. Hume, Hector F. Frausto, Eagle Pass, Montague & Thurmond, Del Rio, J. I. Rhodes, Eagle Pass, for appellants.

Stahl & Sohn, San Antonio, for appellees.

MURRAY, Chief Justice.

This suit was instituted in the District Court of Maverick County by J. I. James, Superintendent of Schools of Eagle Pass Independent School District, seeking injunctive relief against the Board of Trustees from discharging him as such school superintendent. Richmond C. Harper and J. I. Rhodes, two members of the Board of Trustees of the School District, filed a separate answer. A temporary restraining order was granted on January 8, 1964, but at a hearing on January 23, set for the purpose of determining whether a temporary injunction should issue, the court sustained a plea in abatement of the Board of Trustees and dismissed the cause. The plaintiff excepted and gave notice of appeal to this Court. Appellant James executed a supersedeas bond, and appellants Harper and Rhodes filed appeal bonds. The transcript was timely filed here.

We doubt if the supersedeas bond was of any effect. Any temporary restraining order that had been theretofore issued

would become functus officio after ten days from the date of its issuance, and there was no temporary injunction issued.

 We are of the opinion that the trial court properly sustained the plea in abatement. Art. 2654—7, § 1, reads as follows:

"Parties having any matter of dispute among them arising under provisions of the school laws of Texas, or any person or parties aggrieved by the actions or decisions of any Board of Trustees or Board of Education, may appeal in writing to the Commissioner of Education who, after due notice to the parties interested, shall examine in a hearing and render a judgment without cost to the parties involved. However, nothing contained in this Section shall deprive any party of a legal remedy."

Art. 2654—7, § 1, Vernon's Ann.Civ. Stats., is not unconstitutional. In 1 Tex. Jur.2d p. 650, § 4, we find the following:

"The legislature may properly make use of administrative agencies in exercising state control over property and pursuits—particularly in the fields of commerce and industry and in the professions—that affect the well-being of the public. The tendency of the courts has been to sustain acts creating and conferring authority upon such agencies as against objections on constitutional grounds, such as that they violate the guaranty of due process."

It is settled law in this State that a school superintendent who has been discharged must first exhaust his right to appeal to the higher school authorities before resorting to the courts. Mission Independent School Dist. v. Diserens, 144 Tex. 107, 188 S.W.2d 568, 161 A.L.R. 877; Daniel v. Dallas Ind. School Dist., Tex.Civ.App., 351 S.W.2d 356; Murray v. San Augustine County Board of School Trustees, Tex.Civ. App., 307 S.W.2d 622; Hinojosa v. San Isidro Ind. School Dist., Tex.Civ.App.,

273 S.W.2d 656; Bear v. Donna Ind. School Dist., Tex.Civ.App., 74 S.W.2d 179.

It is true that here James has not yet been discharged, but the court has even less jurisdiction, if possible, to enjoin his discharge. The court cannot presume that the Board of School Trustees will illegally and wrongfully discharge James. But even if it does, this Court would have no jurisdiction of the matter until James has exhausted his administrative remedies by an appeal to the higher school authorities. Bear v. Donna Independent School District, supra.

The judgment of the trial court sustaining the plea of abatement is affirmed.