### The CITY OF TYLER, Appellant,

v.

### J. C. WYNNE, Appellee.

### No. 382.

Court of Civil Appeals of Texas.

Tyler.

Oct. 31, 1968.

Rehearing Denied Dec. 12, 1968.

Troy Smith, Henry L. McGee, Jr., Tyler, for appellant.

Spruiell, Lowry, Potter, Lasater & Guinn, J. Donald Guinn, Tyler, for appellee.

SELLERS, Justice.

The appellee, J. C. Wynne, brought this suit in the District Court of Smith County, Texas, to cancel and hold for naught a city ordinance of the City of Tyler levying an assessment of $1.60 per front foot against appellee's property located on Loop 323 in the City of Tyler.

The case was tried before the Court without a jury, and the court, after hearing the evidence and argument of counsel, held the ordinance of the city void for the reason that it did not describe the property of appellee and also for the reason that the action of the city council in assessing the property of appellee was arbitrary and capricious and not supported by substantial evidence. From this judgment, the City has duly prosecuted this appeal.

With reference to the ordinance not describing the property, the Court made the following findings of fact:

"7. The ordinance of October 1, 1965 under which the City of Tyler attempted to levy assessment of construction of curb and gutter on the Southeast sec-

tion of Loop 323 did not contain the names of the abutting property owners nor legal descriptions of the abutting property owners' respective tracts commonly known as the Engineer's Roll at the time the ordinance was passed and signed by the City Commission of the City of Tyler.

"8. Said ordinance of October 1, 1965 did not contain the names of the abutting property owners nor legal descriptions of their property until the day preceding the trial of this cause on June 6, 1967."

■ The record is without dispute that the Engineer's Report which the council had before it at the time the ordinance was passed should have been copied into the Minutes as a part of the ordinance, but this was not done. Although the Engineer's Report was introduced in evidence on the trial of the case, and there is no contention here that it is not the Engineer's Roll and, in fact, the City Clerk takes full responsibility for the same not having been copied into the Minutes as a part of the ordinance. The question thus presented is: Did the failure of the City Clerk to record the Engineer's Report (or "Roll," as it is known) as a part of the ordinance render the ordinance void as held by the trial court? We are of the opinion it did not.

This direct question was before the Court in the case of West Texas Const. Co. v. Doss et ux., 59 S.W.2d 866, where it is held that failure to copy the Engineer's Roll into the Minutes did not invalidate the ordinance. This case has been followed many times and was cited by the Court in the case of the City of Electra v. American La France & Foamite Industries, 133 S. W.2d 223, 227, where it is held:

"West Texas Construction Co. v. Doss, Tex.Civ.App., 59 S.W.2d 866, 869, affirmed by the Supreme Court, [128 Tex. 339] 96 S.W.2d 1116, involved a recovery by appellant against appellee upon paving certificates. The defendant, Doss, defended upon the ground that the

Minutes of the City Council did not show an ordinance recorded, making the assessment; or at any rate, the minutes were incomplete in this respect. It was held that parol evidence was admissible to prove the entire ordinance, and in doing so the minutes were not contradicted but explained, so as to make them speak the truth. Citing 2 Dillon on Municipal Corporations, sect. 557. The opinion further cites with approval the expression by the last mentioned eminent author using this language: 'Statutory and charter provisions that ordinances shall be *recorded, signed* by the presiding officer and *attested* by the clerk, are directory only in their nature, and a failure to observe them will not invalidate an ordinance or prevent its taking immediate effect.' "

The rule governing a case where substantial evidence is involved, as here, is stated by Judge Hickman in the case of Thomas et al. v. Stanolind Oil and Gas Co. et al., 145 Tex. 270, 198 S.W.2d 420, 421, as follows:

"This case involves the application of the substantial evidence rule as announced in Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 74, 131 S.W. 2d 73, 82, in this language: ' * * * The court, on appeal from the Commission's order, should not set aside an order of the Commission either granting or refusing to grant a well permit unless such order is illegal, unreasonable, or arbitrary. In so far as the fact findings upon which the order is based are concerned, the order is not illegal, unreasonable, or arbitrary if it is reasonably supported by substantial evidence. Stated in another way, the court does not act as an administrative body to determine whether or not it would have reached the same fact conclusion that the Commission reached, but will consider only whether the action of the Commission in its determination of the facts is reasonably supported by substantial evidence.'

"A proceeding of this nature is not comparable to a proceeding in an ordinary civil suit in which the fact findings of a jury are attacked on the ground of the insufficiency of the evidence to sustain them. In that proceeding trial courts and courts of civil appeals are clothed with the authority, not possessed by this court, to set aside such findings if they are thought to be against the great weight and overwhelming preponderance of the evidence. But those courts are not clothed with authority to set aside fact findings of an administrative agency made within the scope of its statutory powers on that ground. The Legislature has clothed administrative agencies with special powers to perform special functions and in reviewing fact findings of such agencies no question of the preponderance of the evidence is involved. The question is whether or not there is any substantial evidence affording reasonable support for such findings and the orders entered thereunder. That is a question of law of which this court, along with the lower courts, has jurisdiction and in the exercise of that jurisdiction we consider the record before us."

When this rule is applied to the facts of this case, we are of the opinion that the council had substantial evidence before it at the time the ordinance was passed, and the trial court was in error in holding otherwise.

The record reveals that the City had the necessary hearing after notice to the land owners. The City, in an effort to be fair, employed two real estate experts to go out and appraise this property. Both men reported to the council. They were of the opinion that the property would be enhanced in value at least to the amount of the assessment. The City Engineer testified to the conditions of the surrounding territory although he did not appraise the property. Without going into detail, we are convinced that the court fell into error in holding the ordinance as void as being the result of arbitrary and capricious action on the part of the city council.

The judgment of the trial court is reversed and here rendered for appellant, upholding the ordinance as valid in all respects.