**H. L. McRAE, Appellant,**

**v.**

**LINDALE INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 454.

Court of Civil Appeals of Texas, Tyler.

Jan. 15, 1970.

Rehearing Denied Feb. 5, 1970.

Ramey, Brelsford, Flock, Devereux & Hutchins, Jack W. Flock, Michael A. Hatchell, Tyler, for appellant.

Smith & Smith, Kelley Smith, Tyler, for appellee.

DUNAGAN, Chief Justice.

This lawsuit arises out of the dismissal of H. L. McRae as superintendent of the Lindale Independent Schools by the Board of Trustees of the Lindale Independent School District. Beginning in June, 1961, appellant was awarded consecutive one-year contracts as superintendent of the Lindale Independent School District for 1961–62 and 1962–63, twelve-month terms beginning July 1st and ending June 30th, respectively. On March 11, 1963, the school board orally agreed to retain the

appellant as superintendent for the 1963–64 term conditioned that there should be some improvement shown in his operation and control of the school before the school year ended that year, and his employment for that school term would continue as long as he was doing a good and satisfactory job. The appellant was so advised of the board's action. The thing which prompted the conditional nature of the contract in question was the trustees' concern over a certain amount of discord between principals, teachers, and other employees in the school system. Appellant was discharged on August 12, 1963. Appellant H. L. McRae appealed to the State Commissioner of Education who conducted a hearing and rendered a decision holding that the charges against appellant did not justify termination of the contract by the summary dismissal of appellant on August 12, 1963, without giving him a fair and reasonable time to comply with certain terms and conditions of the contract and ordered that he be paid by appellee the salary at the contracted rate, $700.00 per month, for the months of September, October, November and December, 1963. The State Board of Education affirmed the commissioner's ruling, and the school district timely carried the matter to court.

Appellee-plaintiff instituted this suit in the Seventh Judicial District Court of Smith County, Texas, against the appellant, H. L. McRae, seeking to enjoin the appellant from asserting any claim against the appellee for the amount ordered paid by the State Commissioner of Education and from instituting any action at law or in equity against the appellee for recovery of any amount by reason of the matters involved in this action.

Appellant-defendant went to trial on his first amended original answer which consisted of special exceptions, a general denial and a counter plea seeking an affirmance of the order of the State Board of Education and the findings of the Commissioner of Education; to recover the amount of $2,800.00, with legal interest thereon from August 12, 1963, and a writ of mandamus to compel the Lindale Independent School District to pay the appellant the amount ordered by the commissioner.

Though appellee denominated its original petition as a suit for declaration of rights and for an injunction, this is, in fact, a suit to nullify an administrative order of the State Board of Education. The Substantial Evidence Rule is applicable to this case and the case was tried before the trial court under such rule. No new or original evidence was introduced at the trial. The parties stipulated that the transcript of testimony, excluding arguments of counsel before the Commissioner of Education, would be received as evidence. This transcript of the testimony plus the decision of the State Commissioner of Education and the order of the State Board of Education sustaining that decision constitute all the evidence in the case.

Upon a hearing before the court without a jury, judgment was rendered that appellant take nothing by any claim based upon the administrative orders in question, and denied the relief sought by appellant in his counter plea. Appellant, H. L. McRae, (defendant below), has perfected his appeal to this court.

Pursuant to appellant's request, the court made and filed findings of fact and conclusions of law.

The appellant asserts in his first 3 points of error that (1) "The trial court erred in denying Defendant relief in accordance with the decision of the Commissioner of Education, as sustained by the State Board of Education, because the subject matter of those orders was within the administrative agency's jurisdiction, the orders were valid, and they were supported by substantial evidence."; (2) "The trial court erred in failing to hold that the facts found by the Commissioner of Education in his decision, as sustained by the State Board of Education, were supported by substantial evidence.", and (3) "The trial court erred in concluding, contrary to the Commis-

sioner's findings supported by substantial evidence, that there was any good and sufficient reason for terminating Defendant's contract and that Defendant could be terminated under the same at will without fair and reasonable opportunity to perform."

■ Determining contract disputes between a school district and its employees unquestionably is a matter delegated by Statute[1] to the various state administrative bodies concerned with the administration of public schools and school laws. Gragg v. Hill, 58 S.W.2d 150, 151 (Tex.Civ.App., Waco, 1933, writ. ref.); Blair v. Board of Trustees, Trinity Independent School District, 161 S.W.2d 1030, 1032–1033 (Tex. Civ.App., Galveston, 1942, n. w. h.). Certainly such a contract dispute must be submitted for administrative determination and decision before any suit thereon can be filed in court. Bear v. Donna Independent School District, 74 S.W.2d 179 (Tex.Civ. App., San Antonio, 1934, writ ref.); Hinojosa v. San Isidro Independent School District, 273 S.W.2d 656 (Tex.Civ.App., San Antonio, 1954, n. w. h.); James v. Board of Trustees of Eagle Pass Independent School District, 376 S.W.2d 956 (Tex.Civ.App., San Antonio, 1964, n. w. h.).

■ Any appeal from or attack upon an administrative order of the Commissioner of Education or the State Board of Education is governed by the Substantial Evidence Rule. Alton Independent School District v. Central Education Agency, 259 S.W. 2d 737, 740–741 (Tex.Civ.App., Austin, 1953, n. w. h.); Blair v. Board of Trustees, Trinity Independent School District, supra; 44 Texas Law Review 1309, 1325—Note 130 (1966).

■ While a precise definition of what constitutes "substantial evidence" has not been formulated in this jurisdiction, we are guided by our Supreme Court's statement that, " * * * If the evidence as a whole is such that reasonable minds could not have reached the conclusion that the agency must have reached in order to justify its action, then the order must be set aside". Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022, 1030 (1942); Griffin, "The Growing Substantial Evidence Rule"; 21 Texas Bar Journal 721, 744 (1958).

■ As to the quantum of evidence necessary to constitute substantial evidence, it is recognized that more than a "scintilla" is required. On the other hand substantial evidence does not require the same amount of evidence necessary to sustain a verdict attacked as being against the great weight and preponderance of the evidence or, as the Supreme Court said in Thomas v. Stanolind Oil and Gas Co., 145 Tex. 270, 198 S.W.2d 420 (1946):

"A proceeding of this nature is not comparable to a proceeding in an ordinary civil suit in which the fact findings of a jury are attacked on the ground of the insufficiency of the evidence to sustain them. In that proceeding trial courts and courts of civil appeals are clothed with the authority, not possessed by this court, to set aside such findings if they are thought to be against the great weight and overwhelming preponderance of the evidence. But those courts are not clothed with authority to set aside fact findings of an administrative agency made within the scope of its statutory powers on that ground. The Legislature has clothed administrative agencies with special powers to perform special functions and in reviewing fact findings of such agencies no question of the preponderance of the evidence is involved. * * *" (198 S.W.2d 421)

In City of San Antonio v. Texas Water Commission, 407 S.W.2d 752, 756 (1966) the Supreme Court stated:

" * * * Under the substantial evidence rule the issue to be decided and

1. See Art. 2654–1(2), 2654–3(2), 2654–5(4), 2654–7(1), 2780, 2781, 2922–19, Vernon's Ann. Tex.Civ.St.

on which evidence is to be heard is the *reasonableness* of the Commission's order; this is a question of law and an appellate court cannot render its decision based upon facts found by a trial court because the legal test of the *reasonableness* of an order of the Commission is whether it is reasonably supported by substantial evidence and not whether it is supported by a preponderance of the evidence. Furthermore, trial of fact issues by a judge or jury is avoided; it is the Commission's fact finding that is befor the trial and appellate courts. * * * As was stated in Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 74, 131 S.W.2d 73, 82 (1939):

'* * * the court does not act as an administrative body to determine whether or not it would have reached the same fact conclusion that the Commission reached, but will consider only whether the action of the Commission in its determination of the facts is reasonably supported by substantial evidence.'" Also see Blair v. Board of Trustees, Trinity Independent School District, supra; Alton Independent School District v. Central Education Agency, 259 S.W.2d 737 (Tex.Civ.App., Austin, 1953, n. w. h.).

■ Apparently the trial court undertook to independently find the facts which it considered to be based upon substantial evidence. The trial court's findings of fact began: "In response to the request of Defendant, H. L. McRae, * * * I make and file the following as FINDINGS OF FACT and CONCLUSIONS OF LAW based upon substantial evidence adduced from the record." The trial court then proceeded to make his independent findings of fact based upon substantial evidence. The only evidence of record before the trial court was that developed upon the hearing before the Commissioner of Education. Even though the trial court, pursuant to the request of appellant, made and filed findings of fact and conclusions of law, nevertheless, it was not the trial court's function to find any facts at all. The

court's function was to examine the whole record and determine if the commissioner's findings had support in substantial evidence, regardless of whether the court would have reached the same conclusion. City of Tyler v. Wynne, 434 S.W.2d 938 (Tex.Civ.App., Tyler, 1968, writ refused, n. r. e.); City of San Antonio v. Texas Water Commission, supra; Gulf Land Co. v. Atlantic Refining Co., supra.

The pertinent findings upon which the Commissioner based his award in appellant's favor are: (1) that appellee orally contracted to retain appellant as its superintendent for the 1963–64 term conditioned that appellant " * * * demonstrate within a reasonable period of time following March 11, 1963, that he could and would prove himself capable of conducting the superintendency in full control of the faculty and problems of the district"; (2) that no reason existed for appellant's dismissal other than one minor unsubstantiated construction problem which arose during his absence; (3) that appellee did not give appellant fair and reasonable time "to demonstrate his ability" as the contract contemplated, and (4) that appellant attempted to mitigate damages by seeking other employment after his dismissal but was unable to do so due to the time of the dismissal.

■ It appears from the record that the oral contract in question was not specific as to the time in which appellant was to meet the condition to "prove" his ability. This court has recently held that where the contract is silent as to the time of its performance, the law implies a reasonable time. Houston County v. Leo L. Landauer & Associates, Inc., 424 S.W.2d 458 (Tex. Civ.App.1968) n. w. h. See also Hart v. Bullion, 48 Tex 278, 289 (1877); Texas Farm Bureau Cotton Association v. Stovall, 113 Tex. 273, 253 S.W. 1101, 1106 (1923); Fisher v. L. E. Whitham & Co., 120 Tex. 516, 39 S.W.2d 869, 876, 79 A.L. R. 1095 (1931); Cheek v. Metzer, 116 Tex. 356, 291 S.W. 860, 863 (Tex.Com.App., 1927). If the contract is not a written one and depends upon disputed facts (as is the

123

case here) what is a reasonable time is a question for the trier of fact. Houston County v. Leo L. Landauer & Associates, Inc., supra; Hamilton v. Shirley-Self Motor Co., 202 S.W.2d 952, 954 (Tex.Civ. App., Ft. Worth, 1947, writ ref. n. r e.); Szanto v. Pagel, 47 S.W.2d 632, 636 (Tex. Civ.App., Austin, 1932, writ dism.) Therefore, it was not only within the commissioner's power, but was his duty to decide the fact issue as to a reasonable time for performance. In view of the fact that the "prove yourself" condition to the contract was prompted by and related to appellant's control over principals, teachers and other employees and the fact that appellant was dismissed during the summer before the school had opened, only one and one-half months after his contract had begun, there is substantial legal and evidentiary justification for the commissioner's finding that appellant should have been allowed the four months during the school term to meet the contract condition.

Appellant sought to mitigate damages by seeking other employment in the Mt. Pleasant, Emory, Winnsboro and Hallsville School Systems. However, he was unable to obtain employment because as he said, "This happened at such a time * * * the jobs were all taken."

At the time of the hearing before the commissioner, appellant had not been employed since his termination on August 12, 1963.

To attempt to detail the substantial evidence, which in our opinion supports the commissioner's findings, would unduly lengthen this opinion. Moreover, the appellee in its brief before this court concedes that the facts found by the Commissioner of Education were reasonably supported by substantial evidence. It is appellee's contention that the court properly applied the law to the facts found by the Commissioner of Education, and accordingly its judgment is correct.

As hereinabove pointed out a copy of the testimony as taken by the Commissioner of Education and as presented to the State Board of Education was introduced in evidence in the trial court and is before this court for consideration. We have reviewed this evidence and while there may be some testimony therein that would have supported findings contrary to these made by the commissioner, there is ample evidence of a substantial nature to support the commissioner's findings and decision which was affirmed by the State Board of Education. We believe the trial court was in error in holding otherwise and also in refusing to grant appellant's requested enforcement of the administrative orders. See Gragg v. Hill, supra, and Brazoria Independent School District v. Weems, 295 S.W. 268 (Tex.Civ.App., Galveston, 1927, n. w. h.).

The appellant next contends that "The trial court erred in concluding, contrary to the Commissioner's findings supported by substantial evidence, that the contract between the parties was not performable within a year and in concluding that said contract was a 'nullity' under the Statute of Frauds". The trial court in its conclusion No. 1 pursuant to its finding No. 2, concluded that the oral contract was unenforceable as a contract not performable within a year by virtue of the Statute of Frauds, Art. 3995, Sec. 5,[2] V.T.C.S.

The commissioner's finding, which is admittedly supported by substantial evidence, that the contract was conditional, removed from this case any question as to the Statute of Frauds. The testimony of two of the trustees (Teague and Crook) concerning the oral contract with the appellant establishes that its condition was to be met "before the school year ended". If the condition was not met within that time (which was less than a year), the contract would terminate. Therefore, the contract was performable within a year and not barred because " * * * 'Where under

2. "Upon any agreement which is not to be performed within the space of one year from the making thereof."

**124**

the terms of an oral agreement an employment is to cease on a contingency which may happen within a year, the oral agreement is not within the statute of frauds. Thus, the statute does not apply to an oral agreement to give employment as long as the employee does faithful, honest and satisfactory work. * * *'" Hardison v. A. H. Belo Corporation, 247 S.W.2d 167, 168–169 (Tex.Civ.App., 1952, n. w. h.); 37 C.J.S. Frauds, Statute of, § 62 c, p. 571 (1943); Chevalier v. Lane's, Inc., 147 Tex. 106, 213 S.W.2d 530, 6 A. L.R.2d 1045.

 The appellant also complains of the trial court's conclusion that the Commissioner of Education was without power to assess damages resulting from the breach of a contract between the parties. Viewing the commissioner's findings as a whole, we construe the commissioner's finding in this respect to be that under the contract [3] appellant was entitled to an additional four months to meet the contract condition, and accordingly ordered the appellee to pay appellant the sum of $700.00 per month for those four months which was the contracted rate. We think the commissioner in his findings referred to the assessment as "damages" in the sense that McRae had suffered a loss by his summary dismissal on August 12, 1963. "* * * The term 'damages' is defined as the sum of money the law awards as pecuniary compensation, recompense, or satisfaction for an injury done or a wrong sustained as a consequence of either a breach of a contractual obligation or a tortious act. * * *" 17 Tex. Jur.2d, p. 80, Sec. 1. We are of the opinion that even though the commissioner had assessed money damages, it would have been proper. See Borger Independent School Dist. v. Dickson, 52 S.W.2d 505 (Tex.Civ.App., Amarillo, 1932, writ ref.) where the State Superintendent (now Commissioner of Education) awarded a sum certain. It is apparent that the commissioner found that under the contract agreement, appellant was entitled to an additional four months to meet the contract condition. That order is enforceable in the courts by way of mandamus as there is no way for the commissioner to enforce his own orders. Rocky Mount Independent School District v. Jackson, 152 S.W.2d 400, 402 (Tex.Civ.App., Texarkana, 1941, writ ref.).

The judgment of the trial court is reversed, and judgment here rendered for the appellant against the Lindale Independent School District for the sum of $2,800.00, with legal interest thereon from the 12th day of August, 1963, and if the appellee complies forthwith with the judgment of this court, no writ of mandamus will issue; otherwise, such writ will issue against the trustees of said school district requiring them to issue to appellant a voucher for same.

Reversed and rendered and writ of mandamus conditionally granted.

---

3. The oral agreement entered into between the parties on March 11, 1963.