[Civ. No. 2313. Second Appellate District, Division One.—September 8, 1919.]

## C. S. WHITCOMB, Respondent, v. FRANK GIANNINI et al., Appellants.

[1] New Trial—Order Denying Motion—Appeal—Dismissal.—An order denying a motion for a new trial not being appealable, an attempted appeal therefrom should be dismissed.

[2] Corporations—Adjournment of Meeting—Notice to Directors.—Where at a meeting of the board of directors of a corporation regularly held, a majority of the directors being present, action to adjourn to a later date was regularly taken, notice to the directors of the adjourned date was not necessary.

[3] Id.—Time for Holding Meeting—Effect of Holding at Later Hour.—The fact that the minutes of the meeting on such adjourned date showed that the directors assembled at 1 P. M. instead of 10 A. M., as ordered by the resolution of adjournment previously made, did not affect the regularity of its acts transacted at that meeting. In the absence of a showing to the contrary, it must be assumed that the directors met as soon as a quorum had assembled after the hour of 10 A. M.

2. Sufficiency of notice of meeting of directors, note, Ann. Cas. 1914D, 862.

[4] ID.—VALID ASSESSMENT—POSTPONEMENT OF SALE—IRREGULARITY—
RIGHT OF STOCKHOLDER.—Where the assessment was not invalid,
and the stockholders were given notice of their delinquencies, the
passage of a resolution postponing the date of sale and provid-
ing for notice of such delinquency at a meeting of the board of
directors not regularly noticed, one member of the board being
absent, constituted but an irregularity within the provisions of
section 347 of the Civil Code which provides that a stockholder, in
order to recover stock thus sold for delinquency assessments, must
bring his action within six months of such sale.

[5] ID.—JOINT OWNERSHIP OF STOCK—NOTICE TO RECORD OWNER.—
Even though the corporation had knowledge that the stock was
owned jointly by two persons, it was only bound to give notice of
the assessment to the one in whose name the stock stood of record
on its books.

[6] ID.—SALE FOR DELINQUENCY—PURCHASE BY DIRECTOR—ACTION TO
RECOVER—BREACH OF TRUST.—In this action brought to recover
certain shares of corporate stock alleged to have illegally been
made the subject of a sale for delinquent assessment and been
bought by one of the directors of the corporation, the facts alleged
and proven failed to show a case where the relation of such
director to the stockholder was of such a confidential character
as to make it a breach of faith or trust should he be permitted
to purchase the stock.

APPEAL from a judgment of the Superior Court of
Tulare County, and from an order denying a new trial.
W. B. Wallace, Judge. Appeal from order denying new trial
dismissed. Judgment reversed.

The facts are stated in the opinion of the court.

E. I. Feemster and Middlecoff & Feemster for Appellants.

Bradley & Bradley for Respondents.

JAMES, J.—This action was brought to recover ten shares
of corporate stock, or the value thereof, which plaintiff
alleged had been illegally made the subject of a sale for a de-
linquent assessment. Plaintiff had judgment, from which the
defendants appeal. [1] There was also an appeal attempted
to be taken from an order denying to defendants a new

6. Purchase of stock by director as affected by fiduciary relation to
stockholder, notes, **Ann. Cas.** 1918B, 241; **L. R. A.** 1916B, 708.

trial; but as that order was not appealable, the appeal therefrom should be dismissed.

The contentions of the plaintiff, which were upheld by the trial court, were, first, that the meeting of the directors at which the assessment was levied was not legally called in that the directors were not given written notice of the time and place of hearing; second, that a subsequent meeting of the directors, at which a resolution was adopted postponing the sale of stock upon which the assessment had become delinquent, was illegally held in that the directors were not given written notice of the time and place of hearing; third, that the plaintiff as a stockholder never received a notice, nor was any sent to him, advising him of the delinquency; fourth, that defendant Giannini, who was the purchaser of the stock at the delinquency sale, being a director of the corporation the stock of which was then being sold, was ineligible and disqualified to bid at such sale. It appeared in evidence that the 4th of August, 1914, was the day regularly set by the by-laws of defendant corporation for the holding of the regular monthly directors' meeting. There were seven directors, all of whom were present except one on the day of this regular meeting. The directors present, after the meeting was convened, adjourned the regular meeting to August 11th, at 10 A. M. The minutes of the meeting of the directors, held on the eleventh day of August, showed that the meeting convened at 1 P. M., instead of 10 A. M., and that all directors again were present except one. The secretary of the corporation testified that he had given written notice by letter to this director, and that he had received a telephonic communication from the director stating that he would be unable to attend the meeting. There was no evidence offered to contradict this latter showing as to the notice having been given in writing to the absent director of the meeting of August 11th. No showing was made on the part of the plaintiff that the regular meeting of August 4th was illegally called or held, and if notice of that meeting was required to be given, it must be presumed in the absence of a contrary showing that such notice was given. (*Sferlazzo* v. *Oliphant*, 24 Cal. App. 81, at p. 86, [140 Pac. 289].) **[2]** The meeting of August 4th being regularly held and a majority of the directors being present and the action to adjourn to the later date of August 11th having been regu-

larly taken, no notice to directors of the adjourned date was necessary. See *Seal of Gold Mining Co.* v. *Slater,* 161 Cal. 621, [120 Pac. 15], where it is said: "A director receiving notice of a meeting was bound to know that a quorum might adjourn, and that business might be transacted at the adjourned meeting. And this is in accordance with the general rule, which is that no notice of adjournment of a meeting regularly called need be given." (Citing authorities.) Hence, not only was no notice required to be given to any director of the time and place for the holding of the adjourned directors' meeting, but the evidence without dispute shows that the only director absent on August 11th was notified in writing. [3] The fact that the minutes of the meeting showed that the directors assembled at 1 P. M., instead of 10 A. M., as ordered by the resolution of adjournment previously made, seems to us not to be · material, for the reason that, in the absence of evidence to the contrary, it may be presumed that the directors met as soon as a quorum had assembled after the hour of 10 A. M., and especially in view, too, of the fact that no showing was made that the absent director appeared at 10 o'clock and failed to remain because of the lack of a quorum. He had previously notified the secretary that he would not appear. The directors' meeting of August 11th, at which the resolution was adopted levying the assessment against the stock of the defendant corporation, was, therefore, duly held and legally noticed and called. That the resolution levying the assessment was sufficient in form and substance is not disputed. In this resolution it was declared that the assessment levied thereunder should become delinquent on the sixteenth day of September, 1914, and that all delinquent stock on which the assessment had not been paid should be sold on the fifth day of October, 1914, at 2 o'clock P. M. On the first Tuesday in September, that being the time fixed by the by-laws for the holding of the regular monthly directors' meeting, a quorum was not present. Minority directors attempted to adjourn until September 2d. On September 2d a quorum was present and an adjournment was taken to September 17th. Five directors were present at the meeting of September 17th and an adjournment was again taken to October 3d. At the meeting of September 17th, at which there were present all but two directors, a resolution was adopted providing for the publication of a notice giving the

names of those delinquent and the stock held by them, and giving notice of sale which was to take place on the 5th of October, 1914, as previously determined in the resolution levying the assessment. At the October 3d meeting, at which all directors were present except one, the absent director being the director who is defendant here, Giannini, a resolution was adopted postponing the date of sale from October 5th to November 4th, and providing for publication of notice of such extension or postponement. We have already concluded that the proceedings up to and including the levying of the assessment were regularly taken and had, and the record further shows that subsequent proceedings, up to and including the date of delinquency as fixed in the resolution last referred to, were all completed as required by law. The resolution ordering the assessment contained complete direction for the publication of the necessary notice of sale for delinquencies (Civ. Code, sec. 337), and the publication of that notice, it is admitted, was had in accordance with the direction of the resolution.

[4] The question as to whether the meeting of October 3d was regularly called and held, that being the meeting at which the resolution was passed postponing the date of sale to November 4th, is next entitled to consideration. If all of the directors had been present at that meeting there would have been no question as to the legality of the action taken, regardless of the matter of notice having been given to any of them. (Civ. Code, sec. 320a.) It may be assumed that the court was correct in finding, as it inferentially did, that the requisite notices were not given of the meeting of October 3d. The assessment, as has been noted, was not invalid; the stockholders had notice of their delinquencies; hence, we think that the irregularity, if such it be, was one included within the provisions of section 347 of the Civil Code, which provides that a stockholder must in such case bring his action within six months after the date of sale. This action was commenced by the filing of a complaint on February 21, 1916; the sale of the stock was made in November, 1914. Assuming that the plaintiff as stockholder received all the necessary notices and that, as we have already decided, the levying of the assessment was regularly done, plaintiff's action would be too late.

[5] There is next to be considered the question as to whether at the times material to the levying of the assessment and making of the sale plaintiff was in fact a stockholder in defendant corporation and, if so, whether he was charged with notice. It is admitted by the defendants that no special notice was given to the plaintiff of the levying of the assessment, as required by section 336 of the Civil Code; that is, no notice was given to him other than such notice as might be imparted by that published in the newspaper. Admittedly the giving of notice by publication alone under the section of the code cited would not be sufficient. The ten shares of stock referred to in this controversy were originally issued to one Hall and had never been transferred from Hall to any person upon the books of the corporation up to and including the date of sale as made under the assessment. It seems that the defendant corporation was engaged in the business of furnishing a certain form of power to its stockholders. After Hall secured his stock he parted with some interest in land, which was affected by the stock, to this plaintiff, and the certificate of stock was taken to the office of defendant corporation and the person in charge notified of the fact that Whitcomb had become the owner of an undivided interest in the stock. There was testimony that the secretary of the corporation took the original certificate and, after the name of Hall appearing therein, wrote the name of this plaintiff. Plaintiff testified that he was the joint owner with Hall of the stock up to the time that Hall transferred his entire interest to the plaintiff. Under the issues made by the pleadings we must assume that this latter transfer was made after the sale for delinquent assessment. We have noted that the stock was never transferred upon the books of the corporation. It is shown that notice of the assessment was given to Hall, the record owner, and that none was given to the plaintiff. As far as can be gathered from the record the interest acquired by Whitcomb, the plaintiff, both in the property of Hall and in the stock of defendant corporation, which was useful principally in connection with that property, was in the nature of a partnership interest. Plaintiff in his testimony insisted that the interest was a joint interest, and if we are to assume that the corporation, because of the fact, as it appeared, that it had knowledge that both Whitcomb and Hall were being dealt with in connection with the

power furnished to the land, is estopped from denying that plaintiff held a stockholder's interest in the corporation, then we think that it is logically to be concluded that notice to Hall was notice to Whitcomb. We are strongly inclined to the conclusion that as the stock had never been transferred on the books of the corporation the latter was not bound to recognize Whitcomb as a stockholder when it gave notice of the assessment levied. While it is true that Whitcomb stated in his testimony that he asked the secretary to see that the books were changed, he made no request at any time to have any specific number of shares of stock assigned to him, or for any new certificate to be issued to him, but went away content with the writing in of his name after Hall's on the original certificate, after stating to the secretary that he had become "jointly" interested in the stock with Hall. Section 324 of the Civil Code provides that stock may be transferred upon the books of the corporation, and provides that "until the same is so entered upon the books of the corporation as to show the names of the parties by whom and to whom transferred, the number of the certificate, the number or designation of the shares, and the date of the transfer," such transfer, except as between the parties, should not be valid. Under the facts shown we conclude, first, that assuming the plaintiff to have been a stockholder of defendant corporation and of whom defendant corporation was bound to take notice, the interest in the stock being a joint interest, notice to Hall of the delinquent assessment was notice to him. Secondly, that it is not correct to assume that the corporation was compelled to take notice of the plaintiff's interest in the stock, but that relying upon its records, there appearing not to have been a transfer made from Hall to plaintiff, the only notice that was required to be expressly given of the levying of the assessment was notice to Hall. [6] The claim made and to which countenance was given by the trial judge, that Giannini, being a director at the time of the levying of the assessment and the sale made, was ineligible and disqualified from bidding at the sale or of purchasing stock sold thereat, we are not prepared to sustain. The facts shown in no way illustrate a case where the relation of the director to the stockholder was of such a confidential character as to make it a breach of faith or trust should he be permitted to purchase the stock.

In our opinion, the trial judge was in error in the making up of his conclusions as to the rights of the plaintiff.

The appeal from the order denying defendants' motion for new trial is dismissed. The judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.