BIRDVILLE INDEPENDENT SCHOOL DIST. et al. v. DEEN.

No. 14092.

Court of Civil Appeals of Texas
Fort Worth.

May 17, 1940.

Rehearing Denied June 21, 1940.

Robert Sansom and W. L. Coley, both of Fort Worth, for appellant.

Houtchens & Houtchens and J. Harold Craik, all of Fort Worth, for appellee.

BROWN, Justice.

This suit involves the validity of called meetings of the Board of Trustees of the Birdville Independent School District (of Tarrant County) and the action of four of the seven Trustees in electing appellee, R. A. Deen, to serve the said school as its superintendent for a period of two years, the term to begin July 1, 1936, and to end June 30, 1938.

There was much friction in the Board of Trustees, as it was then composed, in March, 1936, and before the April election, when two Trustees were to be elected because the terms of such Trustees were about to expire.

It appears that the citizens of the school district were almost equally divided on the issue of re-electing the then superintendent, and that a small majority favored his re-election, but that a majority of the Board of Trustees, as then constituted, were not in favor of his re-election, but believing that it would be for the best interest of the school to elect a new superintendent, called or attempted to call a special meeting of the Board, to be held on April 7, 1936, which was three days after the election of school trustees. It appears that the notices of the called meeting were prepared the morning of April 7th, and delivered at the homes of the seven trustees, calling for the meeting at 11:30 A. M.

Four Trustees, Booth, Box, Portwood and Reeves, met at the appointed hour and elected R. A. Deen superintendent for a period of two years, beginning July 1, 1936, and ending June 30, 1938, at an annual salary of $2,000. A contract was prepared, signed by the president of the Board and the Secretary, and same was carried to the office of the County Superintendent of 'Schools of Tarrant County, and Deen was notified orally of his election and was told where he could find the contract. Deen accepted the employment in writing and signed the contract.

The Board of Trustees met on April 9, 1936, to canvass the votes cast at the Trustees' election held on the 4th of April, and at such meeting the three Trustees who were absent from the meeting of

April 7th, to-wit, Brooks, Hovenkamp and Kingsbury, protested against the action of the majority in holding the called meeting on April 7th, asserting that they had no opportunity to be present.

It further appears that notices were then prepared in writing, on the morning of April 13th, and delivered or attempted to be delivered to the Trustees, calling for a meeting of the Board at 11 o'clock a. m. on such date "for the purpose of confirming and ratifying contracts, etc. Meeting to be held at the school house."

It appears that when Trustees Booth, Box, Portwood and Reeves gathered at the school house for the called meeting, a disturbance took place and some one (not a Trustee) assaulted Trustee Reeves, and because of the confusion, etc., no meeting was attempted by the Trustees at the called hour and at the designated place, and it was testified to by Mr. Booth that the meeting "was adjourned over until two o'clock." It does not appear that the Trustees ever met and were called to order, or that any such called meeting was officially recessed or "adjourned over"; it simply appears that these four Trustees were on the school grounds, had never met, and that then the disturbance took place.

Trustee Booth, who detailed the facts, said that he notified "the persons present that the meeting had been recessed until two o'clock that day." He further testified that the meeting was held in the home of a "Mr. Greenwood", who lived near the school grounds.

We have been cited to no place in the record where the other Trustees, Brooks, Hovenkamp and Kingsbury, or either of them, were ever notified that the Board meeting was recessed or "adjourned over" to 2 o'clock, or that the same was adjourned to meet at Mr. Greenwood's home instead of at the school house.

In this meeting, held at Mr. Greenwood's home, at 2 o'clock P. M., April 13th, there were present Trustees Booth, Reeves, Portwood and Box, and we quote the minutes: "The Board of Trustees met in called executive session, April 13th, 1936, at the home of Mr. Greenwood, in Birdville, to ratify and confirm the action taken in meeting of April 7th, 1936, in regard to all teachers and janitor contracts. Present: Ray Booth, R. M. Reeves, W. N. Portwood and L. J. Box. Motion was made and seconded to ratify and confirm all teachers and janitor contracts as well as other business transacted and recorded in minutes of April 7th, 1936. Motion unanimously carried."

When we turn to the minutes of the meeting of April 7th, we find the following: "The Board of Trustees met in called session, at eleven-thirty A. M., April 7th, 1936, at the school building, for the purpose of electing and contracting a Superintendent and other teachers for our school for the next year or years, and discuss and act on other matters of vital importance to the school. Present: Ray Booth, R. M. Reeves, L. J. Box and W. N. Portwood. There were also present five taxpayers and patrons of the school, not members of the Board. Motion was made by R. M. Reeves and seconded by W. N. Portwood to elect Mr. R. A. Deen to place of Superintendent, for a two year period, at a salary of $2,000.00 per year, payable in twelve equal payments on the first day of the month, salary to start July 1st, 1936. Motion carried unanimously."

Subsequently, during the month of April, the newly elected member of the Board and one of the old members who was re-elected were sworn in and at a meeting of the Board the three old members who were not present at the Board meetings mentioned above and the new member (being a majority) protested the action of the old Board, notified Deen that he was not wanted as Superintendent and requested that he surrender his contract, but Deen declined to do so, and the Board then met and "disapproved" the minutes of the former meeting and passed a resolution declaring Deen's contract "illegally passed", and so notified Deen by mail. Deen notified the Board, in writing, that he would not abide by the decision of the Board, and promptly appealed to the State Superintendent of Public Instruction, of Texas, who, upon a hearing, held that Deen had a valid contract with the school. An appeal was then taken by the School District to the State Board of Education, of Texas, and upon a hearing the following findings and ruling were made:

"On this the 15th day of September, A. D. 1936, the State Board of Education being in special session in the City of Austin, six members thereof being present, to-wit: Honorable Ghent Sanderford, President Pro Tem; Messrs. R. S. Bowers, J. O. Guleke, F. L. Henderson, John

W. Laird, and Mrs. J. E. Watkins, with L. A. Woods, State Superintendent and ex officio Secretary, there came on to be reviewed and considered in due and regular order in the above styled and numbered cause, the appeal of Birdville Independent School District vs R. A. Deen, from the decision made, rendered and entered herein by the Honorable L. A. Woods, State Superintendent of Public Instruction, on the 3rd day of September, A. D. 1936, and the State Board of Education after duly considering and reviewing said decision and the facts and the law in support thereof, is of the opinion and finds by a vote of five members present, one voting in the negative, that the said decision of the Honorable L. A. Woods, Superintendent aforesaid, should be in all things reversed, set aside, and overruled.

"The State Board of Education is of the opinion and finds that the law and facts in the case are against R. A. Deen.

"It is the opinion of the State Board of Education and it so finds that at the time of the election of said R. A. Deen there had not been a legal call for a meeting for the Board of Trustees of the Birdville Independent School District, and it is the further opinion of the State Board of Education that at said meeting there was no legal quorum present and the contract entered into by and between Birdville Independent School District and R. A. Deen is invalid and is of no force and effect. The State Board of Education further finds that the subsequent meeting of the Board of Trustees of Birdville Independent School District on the 13th day of April, 1936, was also illegal for the reason that no legal call had been made and no legal notice given for the call of said meeting, and that there being no legal quorum present all things done at said meeting were illegal and of no force and effect.

"It is, therefore, ordered, adjudged and decreed by the State Board of Education that the decision of the State Superintendent in this cause be and the same is hereby in all things overruled and set aside. The State Board of Education finds and so holds that the contract by and between Birdville Independent School District and R. A. Deen, covering a period of time from July 1st, 1936, to June 30th, 1938, is of no binding force and effect, and it is in all things invalid."

The findings and ruling being against Deen, he brought suit in the District Court of Tarrant County to recover the difference between what he earned while engaged in other employment and the salary at which he was supposed to have been employed for the two year period. A jury being had the case was tried on special issues and the following findings were made: (1) That the Trustee Kingsbury had notice of the meeting held at 11:30 A. M., April 7, 1936, (2) that such notice was reasonably sufficient to have enabled Kingsbury to attend the meeting, if he so desired; the same findings were made to issues 3 and 4 as to the meeting "called for 11:00 o'clock A. M. on the 13th day of April, 1936." To issues 5, 6, 7 and 8 the jury found as to Trustee Brooks, as it did to Trustee Kingsbury, and to issues 9, 10, 11 and 12 the jury found as to Trustee Hovenkamp as it did to Trustees Kingsbury and Brooks.

To issues 13 and 14 the jury found that these two meetings were "held and conducted in the usual and customary way and manner in the transaction of the affairs of said school district." To issue 15 the jury found that Deen, by the use of ordinary care and diligence, could not have found similar employment. To issue 17 the jury found that Deen earned during the two year period $2,682.

The School District requested a peremptory charge, which was refused, and duly presented a motion for judgment notwithstanding the verdict, which was overruled, and exceptions taken; and the trial court rendered judgment for Deen in the sum of $1,318, with six per cent interest from July 1, 1938.

The appeal is from such judgment, and the propositions discussed disclose the defense that was urged by the School District.

■ The first proposition asserts, in effect, that the ruling and findings of the State Board of Education are res adjudicata, and that Deen had no right of appeal.

We do not believe this contention sound, in the case at bar.

■ The rule laid down in Vol. 37, Tex.Jur., page 1046, seems to state the situation with which we are confronted: "Thus where the issue presented is whether, under disputed facts, a legal contract was entered into, the parties have the right

to a court determination on a state of facts to be ascertained by a jury, if legal demand be made therefor by either party." In other words, if the controversy does not appear to be one that involves simply questions of regulation, or policy, or the employment or discharge of teachers or employees, or any other question merely incident to the management and control of the school, but involves the legality of a contract made with a teacher, then such matter is appealable to the courts of the land. Los Angeles Heights Ind. School District v. Whitehead, Tex.Civ.App., 34 S.W.2d 895, writ refused.

■ The second proposition urges, in effect, that Deen has elected to take his claim and grievance before the school authorities, and, having so elected, he cannot, after an adverse adjudication, appeal to the courts.

We see no merit in this contention.

The third proposition is akin to the first, and contends that the District's plea to the jurisdiction is well taken.

We see no merit in this contention.

The fourth proposition is akin to the second. We see no merit in it.

The seventh assignment is to the effect that under the evidence as adduced the trial court erred in not sustaining the School District's motion for judgment notwithstanding the verdict.

In connection with the motion for judgment notwithstanding the verdict, we shall consider the assignments of error which urge that the trial court erred in submitting to the jury the several issues as to notices being given or served upon each of the three Trustees, Kingsbury, Brooks and Hovenkamp, of the meetings that were supposed to have been called for April 7th and April 13th, respectively.

We believe that there is merit in these contentions.

This School District is a municipal corporation. It functions through its Trustees in the same manner that other corporations function through Boards of Directors.

■ It is quite evident, from the record, that the majority of the Trustees who met on April 7, 1936, and attempted to elect and contract with Deen were doubtful of the validity of such meeting and action and that they felt insecure in their position, and when the absent Trustees protested against the meeting and actions of April 7th, they concluded to call a meeting for April 13th, for the express purpose of ratifying the acts attempted to be done at the former meeting.

This, to our way of thinking, left the matter of the making of the contract of employment with Deen open until favorable or adverse action was had on same thereafter, and Deen's pleadings in effect adopt this view.

We have shown in the forepart of our opinion that this last called meeting was called to be held at one of the school buildings at 11 o'clock A. M. on April 13th, but that the Board never in fact met on or about such hour. On the other hand, it affirmatively appears that the four Trustees came to the school grounds, that they did not assemble as a Board, but, because of an altercation had by one of the Trustees with some person, no effort was made to hold such meeting, and that one of the Trustees "adjourned the meeting over" to 2 o'clock P. M., to be held at the home of a Mr. Greenwood, near the school grounds, and that such Trustee notified the other three Trustees, who were present, of such "adjourned" meeting.

■ It is sound reasoning to hold that special notice of an adjourned meeting is generally unnecessary where the fact and record of adjournment constitute notice, and these facts arose at a meeting that was regularly called. Such cases as Whitcomb v. Giannini et al., 43 Cal.App. 229, 184 P. 887 so hold.

But it is likewise essential to the application of such rule that the original meeting shall have been regularly notified and legally held and that its minutes show the specific time to which it is adjourned.

Such cases as Whitehead v. Hamilton Rubber Co., 52 N.J.Eq. 78, 27 A. 897, and Thompson v. Williams, 76 Cal. 153, 18 P. 153, 9 Am.St.Rep. 187, so hold.

This "adjourned" meeting was held at a place other than on the premises of the corporation, and at a place where the Trustees were not accustomed to meet.

This meeting was called in the morning of April 13th, to meet at 11 o'clock such morning, and, viewed in the most liberal light, was a meeting that was hurriedly called.

■ If it was impossible for some of the Trustees to attend such a meeting, under such circumstances, it appears to us

that the bare majority who called this meeting should have regularly met and regularly adjourned the meeting to some other convenient hour or day and should have notified the absentees in ample time prior to the holding of the adjourned meeting. This would have made,a record that could not be questioned.

It will be noted that appellee, Deen, pleaded his case as follows: "That heretofore, to-wit, on April 7th, 1936, said board of school trustees, in behalf of said defendant school district, as then duly and legally constituted and existing, duly and regularly elected plaintiff herein, and entered into a valid, binding and written contract and agreement with plaintiff herein, by virtue of and by the terms of which said contract and agreement plaintiff herein was employed as superintendent of said public schools of said defendant school district, for a period of two years, beginning July 1st, 1936, at an annual salary of. $2,000.00 per year, payable at the rate of $166.66 per month, during said two year period, which said contract was duly and regularly executed by said school board, after that said defendant school board had duly and regularly elected plaintiff herein, as such superintendent of said defendant school district,' and which said contract was duly and regularly signed and executed by defendant school district, by and through Ray Booth, its then president, and L. J. Box, its then secretary, for and in behalf of said defendant, Birdville Independent School District, No. 35.

"That plaintiff herein did, on said date, accept said employment and in writing duly notify said defendant, Birdville Independent School District and its board of trustees, of his acceptance of said contract and position, and signed and executed said contract, etc."

The remaining allegations of the paragraph from which the quotations are made allege that the contract was binding; was made by the officers, agents and Trustees of the school district while acting within the general scope of their authority; and such paragraph then is followed by paragraph 4 of the plaintiff's pleading, which alleges:

"That on April 13th, 1936, after due notice to all members of said Board of School Trustees, of said Birdville Independent School District, at said time, a meeting of said defendant school board, its trustees, was had, and said contract of employment of plaintiff herein, as made on April 7th, 1936, was duly and in all things confirmed and ratified and by legal import declared binding and effective and in full force and effect and said contract was from April 7th, 1936, to the present time, and is now binding upon all parties thereto, and the same is in full force and effect, and plaintiff herein is entitled to the amount provided therein, less his earnings since said time, as hereinafter plead and alleged."

■ While it is true that plaintiff's pleadings, in subsequent paragraphs, refer to meetings by the Trustees on April 7th, and April 13th, and allege that each was a valid meeting, called in the usual and customary manner, we do not believe that plaintiff's pleadings disclose, or are sufficient to disclose, that the plaintiff relies for the validity of his contract upon any valid called meeting of the Trustees had. and held on April 7th.

Our construction of his pleadings is that the Trustees made a contract with him on April 7, 1936, and that a meeting of the Board was called for April 13th, for the express purpose of ratifying and confirming such contract theretofore made, and that this was done.

If the contract made on April 7, 1936, was made under circumstances that are binding upon the parties, then no ratification meeting was necessary to effect such purpose.

It is clear that the plaintiff has not pleaded in the alternative, and whatever rights he may have, in our opinion,·depend solely upon the validity of the meeting actually held by the Board on April 13th, and there being no meeting held at the time and the place designated in the call, the validity of plaintiff's contract must depend upon the regularity of the so called "adjourned meeting" and the right of the four Trustees to hold such meeting and to bind the corporation by the acts had and done then and there by the Board.

An interesting discussion of special meetings of directors of corporations is found in Vol. 3 of Fletcher's Cyclopedia of the Law of Private Corporations, pages 3059 to 3061, para. 1868. This text announces the rule:

"The great weight of authority, therefore, is to the effect that notice of a special meeting must be given to every director, unless there is some express provision in the charter or by-laws or established usage

to the contrary, or unless it is impossible or impracticable to do so.

"Except in these cases, a special meeting held in the absence of some of the directors, and without notice to them, is illegal, and the action at such a meeting, although by a majority of the directors, is invalid, unless subsequently ratified."

This text cites in support of its pronouncements Federal cases and many from the states of Arkansas, California, Delaware, Illinois, Iowa, Kansas, Kentucky, Michigan, Missouri, New Hampshire, New Jersey, New York, North Carolina, Oregon, Pennsylvania, South Dakota, Utah and England.

The opinion in the case of Vaught v. Ohio County Fair Co., 49 S.W. 426, 20 Ky. Law Rep. 1471, seems to be very applicable to the facts in the case at bar.

■ It is our conclusion that the findings made by the jury touching the notices given of the special called meeting of April 7, 1936, are not findings on which a judgment, holding valid Deen's contract, may be predicated, and the findings of the jury touching notices given of the special called meeting of April 13, 1936, are not sufficient to cover the issues and facts relating to the so called "adjourned meeting", which was actually held on such day, and at which meeting an attempt was made to ratify the prior acts of the Board of Trustees, on the validity of which meeting Deen must depend. There must be both pleading and proof to sustain a valid judgment.

We do not desire to prevent appellee from recovering upon his contract, if he can establish that it was regularly and lawfully entered into, but we feel that under his pleadings, as they now stand, and under the findings that he must depend upon, the judgment rendered for him cannot be sustained.

■ It is moreover our opinion that the evidence is insufficient to support the finding by the jury in answer to Issue 14, that the meeting of the Board of Trustees held on April 13, 1936, was held and conducted in the usual and customary way and manner in the transaction of the affairs of the School District.

All of the evidence touching such meeting is contrary to the finding made by the jury.

The record discloses that the meetings were usually and customarily held on the school premises and at night, after the business of the day had been transacted.

We gather from the evidence that these Trustees are men whose vocations require them to attend to their businesses during ordinary workaday hours, in order that they may support themselves and their families.

The finding of the jury in answer to Issue 13, that the meeting held on April 7, 1936, was held and conducted in the usual and customary way and manner in the transaction of the affairs of the School District, is not supported by the evidence.

These issues touching notices and notices given and the manner of giving notices of these meetings and the manner and custom with respect to giving notices and holding meetings of the Trustees, and whether or not the Trustees had a reasonable time within which to be present at such meetings, must be considered in the light of all of the facts.

Let us observe again that there was a lack of harmony in the old Board of Trustees touching the question of the employment of a Superintendent. An election for two Trustees had just been held and one new face was to appear when the new Board assembled. That newly elected Trustee would take the place of one of the four old members who proposed to call the two meetings with which this case is so vitally concerned.

The Trustee who called these two meetings did not rely upon mere oral notices. With the friction that was existent and the desire upon the part of a majority of the old Board to elect and employ a Superintendent before a reorganization of the new Board, after the election of two Trustees, these four Trustees resorted to written notices of these meetings. They necessarily relied upon these written notices and we do not believe that they can be heard to now say that they relied upon oral notices.

■ For these reasons we do not believe that any testimony relating to oral notices given of either of these meetings is relevant or competent.

When we discard the testimony of oral notices of the meeting called for April 7th, it is quite evident that all of the Trustees were not given notice of such meeting, prior to the meeting.

We believe that the four Trustees who called the meeting so realized when they called the meeting of April 13th, for the express·purpose of ratifying the acts had and·done at the first meeting.

We believe that had the president and secretary of the Board made a contract with Deen, without any action by the Board, such a contract could be ratified by the Board at a meeting properly and regularly held.

There does not appear to be an insuperable barrier to Deen's right to recover, and we conclude that the trial court should have set aside the verdict and ordered a new trial, giving the plaintiff leave to amend his pleadings to meet the facts disclosed.

For the reasons assigned, the judgment of the trial court is reversed and the cause remanded for a new trial not inconsistent with the conclusions reached.