R. V. HEBISEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 17910.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 12, 1981.

Dan Hennigan, Houston, for appellant.

Steven D. Peterson, Jerry L. Zunker, Gen. Counsel, State Bar of Texas, Steven Lee, Asst. Gen. Counsel, Austin, for appellee.

Before COLEMAN, C. J., and PEDEN and SMITH, JJ.

SMITH, Justice.

This is a disciplinary suit brought by the State of Texas, acting by and through its grievance committee for District 4–F, against R. V. Hebisen, appellant. The trial court, based upon answers to issues submitted to the jury, found the appellant guilty of professional misconduct and suspended appellant from the practice of law for three months.

We affirm the judgment of the trial court.

The facts occasioning the filing of this cause of action were brought about by grievances filed with the Grievance Committee by Mrs. Barbara Gail Pope and Mr. William W. Scott.

Mrs. Pope's alleged grievances were that on or about March 31, 1975, she was involved in an automobile accident when she was driving a leased vehicle. She believed that the accident was caused by a mechanical defect in the car which she had leased, and desired to pursue a cause of action against the lessor. On or about May 30, 1975, she contacted appellant concerning her cause of action. Mrs. Pope and the appellant entered into a contingent fee employment contract and appellant took a power of attorney. After the initial contact, appellant became inaccessible and refused to answer Mrs. Pope's letters or phone calls. Mrs. Pope continued to request information from the appellant concerning her cause of action, but to no avail. Finally, in December of 1976, Mrs. Pope "chanced" upon appellant and had the opportunity to ask him about her case, at which time the appellant informed Mrs. Pope that the suit had been filed and would be reached for trial in the near future. Appellant never filed the lawsuit. Appellant requested Mrs. Pope to change the contract from a contingent fee to an hourly basis which Mrs. Pope refused to do. Mrs. Pope continued to request and demand return of her file. However, the file was not returned by the appellant until such time as a complaint was filed with the Grievance Committee.

Mr. Scott's alleged grievances were that on or about February 20, 1975, Mr. Scott contacted the appellant regarding a claim for repairs and damages to a mobile home owned by Mr. and Mrs. Scott. In February or March of 1976, the Scotts furnished appellant funds for filing a lawsuit against the mobile home dealer. Appellant failed to file suit or otherwise protect the interests of Mr. and Mrs. Scott to the end that their claim was barred by the statute of limitations. Appellant represented to the Scotts that the statute of limitations had not run on their cause of action, although it had run.

The appellant asserts three points of error. In his first point of error, the appellant contends the trial court erred in entering a judgment of suspension, for the reason that the jury found no professional misconduct. We cannot sustain this contention. The jury's province in a professional

misconduct suit is to determine the fact issues. The question of whether such facts found by the jury constitute professional misconduct is a question of law for the court. *Howell v. Texas*, 559 S.W.2d 432 (Tex.Civ.App.—Tyler 1977, writ ref'd n. r. e.).

By his second point of error, appellant asserts that the trial court erred in submitting special issue number three in that the factual matters inquired about were not raised by the pleadings. Special issue number three as submitted reads as follows:

### Special Issue Number 3

Do you find from a preponderance of the evidence that on or after March 2, 1977, R. V. Hebisen failed to promptly return to his client, Mrs. Barbara Gail Pope, all papers and documents relating to her case against Tommy Vaughn Ford?

The jury answered special issue number 3, "We do."

At the time of trial the appellant levelled the following objections to special issue number three; "The defendant R. V. Hebisen objects and excepts to special issue number 3 to the jury on the ground that it contained the word "promptly, which there is no duty imposed on the attorney to promptly return papers to his client upon request."

We first address ourselves to the objection by the appellant made at the time of trial. The appellant asserted in his objection "there is no duty imposed on the attorney to promptly return papers to his client upon request." We believe this to be a misstatement of the law. Disciplinary Rule 9–102(B)(4) of the State Bar Rules states that a lawyer shall:

> *Promptly* pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive. (emphasis added)

It is from this Rule that the word promptly was taken. We hold that the term "other properties" in such rule would include such items as Mrs. Pope's papers and other documents that the appellant had in his file. We further hold that the use of the word "promptly" as used in special issue number three was not erroneous.

In considering that portion of point of error number two which states that the "factual matters inquired about" were not raised by the pleadings, we note that this objection was not made to the trial court. A complaint as to the deficiency in a pleading will be waived unless specifically included in the objection. Rule 274, Tex.R.Civ. Pro. (Vernon 1980). In *Mowery v. Fantastic Homes, Inc.*, 568 S.W.2d 171 (Tex.Civ. App.—Dallas 1978, no writ), the court stated "A party objecting to a charge must point out distinctly the matter to which it objects and the grounds of its objection, and any complaint as to an explanatory instruction, on account of any defect, omission or fault in the pleading, shall be deemed waived unless specifically included in the objection. Where one objects in his brief on appeal to the court's charge on a ground which he did not assert in the trial court, that objection is waived." See also *City of Houston v. Riggins*, 568 S.W.2d 188 (Tex. Civ.App.—Tyler 1978, writ ref'd n. r. e.)

We overrule the appellant's second point of error.

The appellant's third point of error complains that the trial court erred in entering judgment of suspension because the judgment does not comport with the pleadings. This point of error is raised for the first time on appeal. Further, the allegation does not specifically allege in what manner the pleadings do not comport with the judgment. If the appellant is complaining of the failure to plead "promptly . . . deliver" such complaint is waived because it was not raised in the trial court. Rule 274, Tex.R.Civ.Pro. On the other hand, if the complaint is that the petition of the State did not cover a three month suspension, the prayer in the State's petition states as follows: "Plaintiff respectfully prays that on final hearing hereof that defendant be disbarred, suspended or reprimanded as the facts shall warrant." We find no discrep-

ancy between the judgment of the trial court and the pleadings of the State. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.