**Jim BEARDEN, Relator,**

**v.**

**Honorable Pat H. BOONE, Jr., Judge; and Toni Lynn Pearce Banks, Individually and as Next Friend For Brandi Clarice Banks and Sundance Brock Banks, Minors, Respondents.**

**No. 07–85–0080–CV.**

Court of Appeals of Texas, Amarillo.

May 29, 1985.

James H. Doores, Thomas C. Riney, Gibson, Ochsner & Adkins, Amarillo, Lawrence M. Wells, Joseph Dow Sheppard, III, Rohde, Chapman, Ford & How, Dallas, for relator.

Robert L. Templeton, Templeton & Garner, Amarillo, for respondents.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

This is an original mandamus action, by which Relator Jim Bearden seeks relief from an interlocutory discovery order that compels him to reveal matters he believes to be either privileged or exempt from discovery. We conditionally grant the writ.

Bearden is president of Jim Bearden & Associates, Incorporated, a company that provides investigative and security services. Bearden's company was hired by Tom Upchurch, attorney for Max Banks, to investigate the real party in interest, respondent Toni Banks. Mr. and Mrs. Banks are

the competing parties in a complex and acrimonious divorce case and Bearden's company was hired to gather information about Mrs. Banks' activities and associates.

After the divorce case was filed, Mrs. Banks attempted to learn the results of Bearden's investigation, but the judge then presiding in the divorce case ruled that the information was not discoverable. Mrs. Banks, individually and for her minor children, then filed suit against Bearden, alleging he had invaded their privacy by his conduct of the investigation. When Mrs. Banks attempted to depose Bearden in the invasion of privacy case, he, pursuant to instructions from Upchurch to maintain confidentiality, refused to answer questions that touched on the divorce suit investigation. Subsequently, Judge Boone, the judge presiding in the invasion of privacy suit, ordered Bearden to answer the questions, although by doing so Bearden would reveal information gathered during the investigation. Relief from that order is Bearden's goal here.

Bearden advances three bases for vacating the discovery order:

(1) The "Investigator's Statute", Tex. Rev.Civ.Stat.Ann. art. 4413(29bb), § 28 (Vernon Supp.1985) prohibits his disclosure, without client permission, of information obtained in the investigation;

(2) The information is privileged, and not discoverable, under the lawyer-client privilege stated in Rule 503 of the Texas Rules of Evidence; and

(3) The information is exempt from discovery, as the work product of attorney Upchurch, under Rule 166b(3)(a) of the Texas Rules of Civil Procedure.

For the following reasons, we think the first basis is inapplicable, but the second and third are meritorious.

■ The investigator's statute states, as pertinent here, that the holder of a private security commission "shall not divulge to any other person except as he may be required by law so to do, any information acquired by him." Article 4413(29bb), sec-

tion 28, *supra.* If, pursuant to the Rules of Civil Procedure, Bearden is ordered by a court to reveal information gathered in his investigation, he is being "required by law so to do" and is not violating the statute. *See Valley State Bank of Canton v. Farmers State Bank of Canton*, 87 S.D. 614, 213 N.W.2d 459, 463 (1973).[1] Thus, the statute does not prevent him from answering Mrs. Banks' questions pursuant to court order.

■ Bearden's reliance on the attorney-client privilege is on firmer ground. Rule 503 of the Texas Rules of Evidence states the privilege as it exists in Texas civil law today. The rule is, with minor changes and some gaps filled, a codification of the common law rule that existed in Texas before the Rules of Evidence were adopted. Goode & Sharlot, *Article V: Privileges*, 20 Hous.L.Rev. 273, 282 (1983) (Texas Rules of Evidence Handbook); *see West v. Solito*, 563 S.W.2d 240, 245 (Tex.1978). As pertinent here, Rule 503(b) of the Texas Rules of Evidence states the privilege as follows:

A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (1) between himself or his representative and his lawyer or his lawyer's representative, ....

The Rule also defines a lawyer's representative in this language:

A "representative of the lawyer" is: (1) one employed by the lawyer to assist the lawyer in the rendition of professional legal services; or (2) an accountant who is reasonably necessary for the lawyer's rendition of professional legal services.

Tex.R.Evid. 503(a)(4).

The privilege belongs to the client and any claim of privilege must be by or on behalf of the client. Tex.R.Evid. 503(c). Once created, the privilege continues for as long as the client wants to assert it and is

---

**1.** Some states restrict the phrase to statutory provisions. *See, e.g., In re Sorensen's Estate*, 195 Misc.2d 742, 91 N.Y.S.2d 220, 224 (1949). We do not choose to adopt such a restrictive view.

not affected by the resolution of the controversy that created the need for legal services, *Maryland American Gen. Ins. Co. v. Blackmon,* 639 S.W.2d 455, 458 (Tex.1982), or by termination of the attorney-client relationship. *Foster v. Buchele,* 213 S.W.2d 738, 743 (Tex.Civ.App.—Fort Worth 1948, writ ref'd n.r.e.).

■ Under the record before us, Bearden is Upchurch's representative and as such is presumed to have the authority to claim the attorney-client privilege on behalf of Mr. Banks. Tex.R.Evid. 503(c). The existence of the suit against Bearden does nothing to dilute the privilege and Mrs. Banks will never be entitled to elicit from Bearden the confidential communications made by Bearden to Mr. Banks or Upchurch "for the purpose of facilitating the rendition of professional legal services" to Mr. Banks, unless Mr. Banks withdraws his assertion of the privilege.

The third shield raised by Bearden is based on the exemptions in paragraph 3 of Rule 166b of the Texas Rules of Civil Procedure. The aim of Rule 166b is to provide parties with an opportunity to obtain the fullest knowledge of issues and facts that may have some relevance to a lawsuit. *West v. Solito, supra.* There are, however, several exemptions from the rule. One of those is the work product exemption, described as:

... any communication passing between agents or representatives or the employees of any party to the action or communications between any party and his agents, representatives or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation or defense of the claim or the investigation of the occurrence or transaction out of which the claim has arisen.

Tex.R.Civ.Pro. 166b(3)(d).[2]

■ The work product exemption is broader than the attorney-client privilege but, in this case, it covers essentially the same people and protects essentially the same information, *i.e.,* confidential communications between Bearden and Mr. Banks or Upchurch.[3] *See Menton v. Lattimore,* 667 S.W.2d 335, 339 (Tex.App.—Fort Worth 1984, no writ). Unlike the attorney-client privilege, the exemption is not perpetual. *See, e.g., Allen v. Humphreys,* 559 S.W.2d 798, 802–04 (Tex.1977). The exemption cannot, however, be abrogated by the filing of the invasion of privacy suit. As pointed out in *Menton v. Lattimore, supra* at 341, in a comparable situation:

However, Relator's conduct ... can have no effect on the plain language of Rule 186a, which makes the taped interview of June 30, 1981 privileged and not discoverable. We have not been referred to a case, and we have not found one, where any exception was made to the plain provisions of the work-product privilege of Rule 186a.

■ We conclude therefore, that the work product exemption of Rule 166b is applicable here and protects those matters specified in paragraph 3 of Rule 166b, at least until the divorce litigation is concluded.

Judge Boone ordered Bearden to answer all of the questions Bearden had declined to answer when deposed in the invasion of privacy case. Some of those questions inquire about discoverable matters and others inquire about privileged or exempt matters. We request Judge Boone to reexam-

---

**2.** Matters falling within the attorney-client privilege are also exempt from discovery under Rule 166b(3)(e).

**3.** As a caveat, the Supreme Court has recently emphasized that the final paragraph of Rule 166b(3) means just what it says:

The final paragraph of Rule 166b(3) expressly states that none of the exemptions from discovery contained in that division of Rule 166b shall be construed to render nondiscoverable the identity and location of any person having knowledge of relevant facts. The exemptions from discovery recognized in Rule 166b thus make it clear that information concerning the identity and location of persons having knowledge of relevant facts can never be protected from discovery.

*Giffin v. Smith,* 688 S.W.2d 112 (Tex.1985).

ine the questions posed to Bearden and, consistent with this opinion, require answers only to those that do not delve into privileged or exempt matters. We are confident Judge Boone will vacate his present order and honor our request. A formal writ will issue only if he refuses to do so.