

# THE ATTORNEY GENERAL
## OF TEXAS

January 10, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Carl A. Parker          Opinion No. JM-1004
Chairman
Education Committee          Re:   Whether member of school
Texas State Senate          district board of trustees who
P. O. Box 12068          has sued the other six members
Austin, Texas  78711          may be excluded from an execu-
                              tive session held to discuss
                              the litigation   (RQ-1493)

Dear Senator Parker:

        You inform us that a member of the board of trustees of
a school district has  sued the other  six board members  in
federal court.  The claim was denied by a three member panel
of federal judges but an appeal has been filed.  You ask the
following question:

>        Can the member  which has  filed the  lawsuit
>        against other  members  be excluded  from  an
>        executive  session  during  which  the    only
>        agenda topic is the defense of the lawsuit?

        Your  question  refers  to  an  executive  session   for
discussion of the lawsuit,  thereby indicating that the   six
board members are meeting in  their capacity as a  governing
body subject to the Open Meetings Act. . We assume that   they
have determined that the litigation was brought against them
in their capacity as representatives of the school district.
See generally Attorney General  Opinion JM-824 (1987)   (suit
by member of commissioners  court against district  attorney
and sheriff).  Executive session meetings to discuss litiga-
tion are permitted  by the following  provision of the   Open
Meetings Act:

>        Private consultations between a  governmental
>        body  and  its  attorney  are  not  permitted
>        except in those instances  in which the  body
>        seeks the attorney's  advice with respect  to
>        pending .  .  .  litigation .  .  .  and  matters
>        where the duty of a public body's counsel  to
>        his client, pursuant to  the Code of  Profes-
>        sional Responsibility  of  the State  Bar  of
>        Texas, clearly conflicts with this Act.

V.T.C.S. art. 6252-17, § 2(e).

This provision allows the governmental body to exclude the general public from its discussions of litigation but it does not address the exclusion of a board member from an executive session on litigation brought against the board by that board member. A board which exercises authority delegated to it by the legislature "must act thereon as a body at a stated meeting, or one properly called, and of which all the members of such board have notice, or of which they are given an opportunity to attend." Webster v. Texas & Pacific Motor Transport Co., 166 S.W.2d 75, 76 (Tex. 1942). The purpose of this rule is

> to afford each member of the body an opportunity to be present and to impart to his associates the benefit of his experience, counsel, and judgment, and to bring to bear upon them the weight of his argument on the matter to be decided by the Board, in order that the decision . . . may be the composite judgment of the body as a whole.

Id. at 77.

This is a common law rule which applies to the board of trustees of a school district. See Garcia v. Angelini, 412 S.W.2d 949 (Tex. Civ. App. - Eastland 1967, no writ) (trustees of school district could not remove other trustees from office nor bar them from participation in meetings and proceedings of school board); see also Attorney General Opinion JM-119 (1983); Birdville Indep. School Dist. v. Deen, 141 S.W.2d 680 (Tex. Civ. App. - Fort Worth 1940), aff'd, 159 S.W.2d 111 (Tex. 1942). Each board member would ordinarily be entitled to attend all board meetings. However, under the circumstances you inquire about, we believe that the board of trustees may exclude the trustee who has sued it from executive session meetings held to consult with its attorney about this lawsuit.

The board of trustees may sue and be sued in the name of the school district. Educ. Code § 23.26(a). The trustees of an independent school district may employ an attorney where the district's interests require assertion or defense in court. Graves & Houtchens v. Diamond Hill Indep. School Dist., 243 S.W. 638 (Tex. Civ. App. - Fort Worth 1922, no writ). The right to the advice and assistance of retained counsel in civil litigation is inherent in the idea of an adversarial system of justice. Mosley v. St. Louis Southwestern Ry., 634 F.2d 942 (5th Cir.), cert. denied, 452 U.S. 906 (1981) (right to assistance of counsel in civil litigation and administrative proceedings).

It is well established in the common law that confidential communications between an attorney and his client are privileged in civil cases. <u>Cochran v. Cochran</u>, 333 S.W.2d 635 (Tex. Civ. App. - Houston [1st Dist.] 1960, writ ref'd n.r.e.); <u>see</u> Attorney General Opinion M-1261 (1972). Rule 503 of the Texas Rules of Civil Evidence expressly provides a lawyer-client privilege and defines client as "a person, public officer, or corporation, association, or other organization or entity, either public or private" who consults a lawyer or receives legal services from a lawyer. Tex. R. Evid. 503. The privilege exists for the benefit of the client. <u>Ex parte Lipscomb</u>, 239 S.W. 1101 (Tex. 1922); <u>Bearden v. Boone</u>, 693 S.W.2d 25 (Tex. App. - Amarillo 1985, no writ).

The attorney-client privilege is a barrier to the attorney's testimony about confidential communications. Tex. R. Evid. 503; <u>see</u> <u>Ex parte Lipscomb</u>, <u>supra</u>. It has also been held to authorize private consultations between attorney and client. Attorney General Opinion M-1261 (1972) held that the policy underlying this privilege permits governmental bodies to consult privately with their attorney even though the Open Meetings Act did not at that time expressly allow such private consultations. A California case relied upon by Attorney General Opinion M-1261 states as follows:

> Plaintiffs do not dispute the availability of the lawyer-client privilege to public officials and their attorneys. They view it as a barrier to testimonial compulsion, not a procedural rule for the conduct of public affairs. The view is too narrow. The privilege against disclosure is essentially a means for achieving a policy objective of the law. The objective is to enhance the value which society places upon legal representation by assuring the client full disclosure to the attorney unfettered by fear that others will be informed. . . . [Citations omitted.] The privilege serves a policy assuring private consultation. If client and counsel must confer in public view and hearing, both privilege and policy are stripped of value.

<u>Sacramento Newspaper Guild v. Sacramento Co. Bd. of Supervisors</u>, 69 Cal. Rptr. 480, 489 (Cal. App. 1968). <u>See also</u> <u>City of San Antonio v. Aguilar</u>, 670 S.W.2d 681 (Tex. App. - San Antonio 1984, writ dism'd n.r.e.) (stating that public meeting on city's decision to appeal case would have

violated attorney-client privilege as discussed in Sacramento Newspaper Guild).

The policy assuring private consultation also applies to the six members of the school board who have been sued by an individual school trustee. They have a right to communicate privately with their attorney outside of the presence of the opposing party in the lawsuit. This policy, in our opinion, justifies an exception from the usual rule that each board member must have an opportunity to attend all board meetings. The purpose of this rule, as already pointed out, is to allow each member of the board to contribute his ideas, arguments, and judgment to his associates, so that the board's decision may be the judgment of the whole. When one member's disagreement with the board leads him to invoke the adversary system of justice against the rest of the board, there is little likelihood that a composite judgment on the matter can be reached through discussion. Thus, no injury is done to the policy entitling all board members to attend all board meetings if the plaintiff board member is excluded from the board's private consultations with its attorney. Admitting the plaintiff board member to such attorney-client conferences would moreover undermine the common law and statutory protection given attorney-client communications and compromise the efficacy of the adversary system of justice. We conclude that the board member who has filed the lawsuit against other members may be excluded from an executive session during which the only agenda topic is the defense of the lawsuit. We caution that this result is limited to the specific facts presented here.

## S U M M A R Y

The attorney-client privilege permits the six members of a school board who have been sued by another board member to exclude the plaintiff board member from their executive session meetings held to consult with the board's attorney about this lawsuit.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General