RESOLUTION TRUST CORPORATION
as Conservator for Caprock Federal
Savings and Loan, Plaintiff,

v.

H——, P.C., Defendant.

Civ. A. No. 3-89-2168-H.

United States District Court,
N.D. Texas,
Dallas Division.

Oct. 26, 1989.

Kenneth E. Broughton, Jr. & Jeff S. Rosenblum, Haynes & Boone, Dallas, Tex., for plaintiff.

Weston C. Loegering, Davis Meadows Owens Collier & Zachry, Dallas, Tex., for defendant.

1. The parties have agreed to keep the name of the law firm secret.

2. The Resolution Trust Corporation is the conservator for Caprock Savings and Loan ("Ca-

MEMORANDUM OPINION
AND ORDER

SANDERS, District Judge.

Before the Court are Plaintiff Resolution Trust Corporation's Memorandum Brief Concerning Ownership of Legal Files, and Defendant H——'s [1] brief, both filed October 13, 1989. The parties submitted these briefs at the Court's request to facilitate consideration of the single issue in this case: the ownership of files generated by a law firm during its representation of a client.

*Background*

This case began when Plaintiff [2] requested a temporary restraining order against Defendant, asserting that H—— might be altering documents in its files. Upon the transfer of the files to Defendant's counsel's offices, that request was dropped.

However, the parties could not agree on access to or the ultimate ownership of the files, so Plaintiff again requested the Court to require the Defendant to turn over the files. A hearing was held on September 27, 1989. The Court then entered an interim Order which:

1. required Defendant to turn over to Plaintiff all original and duplicate original documents;

2. prohibited anyone from removing or altering any documents in the files;

3. permitted Defendant to withhold from Plaintiff attorneys' notes and legal memoranda contained in the files, and

4. required the parties to submit briefs on the issue of the ownership of the files.

After reviewing the briefs and the relevant caselaw, the Court has determined, for the reasons set forth below, that the entire contents of the files belong to Plaintiff.

prock"), and thus has succeeded to the rights of Caprock against the Defendant. Prior to its closing, Caprock had retained the law firm of H—— to handle many of its real estate transactions.

## Analysis

■ The starting point for the analysis is, of course, Texas law. The Texas State Bar rules provide that a lawyer must "promptly pay or deliver to the client as requested by a client, the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive." DR 9–102(B)(4). Both the Texas Bar and the Houston Court of Civil Appeals have held that this rule applies to documents in an attorney's files. *See Hebisen v. Texas*, 615 S.W.2d 866, 868 (Tex.Civ. App.—Houston 1981, no writ); Professional Ethics Committee, State Bar of Texas, Ethics Op. 395 (1980), *reprinted at* ABA/BNA Lawyer's Manual on Professional Conduct: Ethics Opinions 1980–1984 801:8301 (1984).

Plaintiff cites this rule as deciding the issue. But Defendant has a number of objections. First, Defendant argues that this rule applies only to materials that the client had previously given to the attorney. Documents created by the attorney are not the client's property, according to Defendant, and thus do not fall within the rule.

Second, Defendant distinguishes the instant suit, asserting that it already turned over virtually the entire contents of the files to Caprock during the ordinary course of its representation of Caprock. For example, H— gave Caprock copies of all transaction-oriented documents and records created by the firm, such as loan papers. Defendant insists that Plaintiff's request is duplicative, since Plaintiff ought to have nearly all of the material requested in its own files.

Further, Defendant argues that the few materials which it acknowledges Plaintiff does not possess—attorneys' notes and legal memoranda—are "the personal property of the individual attorneys who drafted and prepared documents." Defendant argued at the hearing that such material may be protected by the work product doctrine and/or the attorney-client privilege.

Plaintiff admits none of these defenses and asserts title to the entire contents of the files.

Both parties cite *Nolan v. Foreman*, 665 F.2d 738, *reh'g denied*, 671 F.2d 1380 (5th Cir.1982), in support of their respective positions. In that case the Fifth Circuit stated that "a client has the right to return of his papers on request." *Id.* at 742, *citing Hebisen v. State, supra,* at 868. While the support this case provides for Plaintiff's argument is obvious, Defendant finely parses the statement to find support for its position. Defendant argues that the use of the word "return," as opposed to "turn over," implies that the Fifth Circuit was only referring to those papers given by the client to the attorney for use during his representation. Thus, the client was only entitled to the "return" of his previously-owned documents.

This is a creative reading of the case, but it is unpersuasive, for the same reason that the Texas Bar Rule does not decide the issue. Neither the Fifth Circuit nor the Texas Bar has defined precisely *which* materials in the file belong to the client. If, as is quite possible, the Fifth Circuit believed that the entire file belonged to the client, then the use of the word "return" only reflects the Circuit's underlying assumption that every document in the entire file became the client's property as soon as each document was created.

The parties admitted at the hearing the virtually universal practice of former attorneys transferring the entire client file to new counsel. In such cases, former attorneys do not withhold anything from the file, and any materials which they wish to keep are copied at their own expense.

Defendant concedes this practice, but asserts that this rule only applies when the file is to be turned over to another attorney and not to the client. Alternatively, Defendant argues that since this representation terminated amidst charges of misconduct by the Plaintiff against Defendant, Defendant has a right to withhold the documents in anticipation of litigation over its conduct.

The first argument, that the practice only applies when a file is turned over to another attorney, is contrary to the fiduciary and agency nature of the relationship between a client and an attorney. The relationship between a client and an attorney has been held by Texas courts to be

one of "[t]he most abundant good faith; absolute and perfect candor or *openness* and honesty; the *absence of any concealment* or deception, however slight." *Texas v. Baker*, 539 S.W.2d 367, 374 (Tex.Civ. App.—Austin 1976, writ ref'd n.r.e.) (emphasis added). Defendant's interpretation implies a closer and more trusting relationship between law firms than between a firm and its client, to the exclusion of a client. Defendant's argument boils down to a belief that only another lawyer can be trusted with the file. This argument cannot be taken seriously, since it would fundamentally undermine the open and trusting nature of the attorney-client relationship by building a wall between the client and attorney behind which an attorney could protect himself and his dealings from scrutiny.[3]

The second objection, that this case involves allegations of misconduct by the former client against the former firm, and thus the firm has the right to retain the files in anticipation of litigation, fails for precisely the same reason. So long as an attorney represents his client, he owes that client a fiduciary duty to disclose all information to the client. *See Willis v. Maverick*, 760 S.W.2d 642, 645 (Tex.1988). If conflict develops, either side may terminate the relationship, and upon termination, the client is entitled to the fruits of the attorney's labor until that point. If charges are filed against the firm, the firm may retrieve those documents it feels are relevant to its defense through discovery. But so long as the files were created in the course of the representation of the client, they belong to the client.

Finally, the Court considers the attorney-client privilege and work-product doctrine as reasons for excluding attorneys' notes and legal memoranda. The attorney-client privilege clearly is inapplicable in this situation, since it belongs to the client. *Bearden v. Boone*, 693 S.W.2d 25, 27 (Tex.App.—Austin 1985, no writ). Thus, an attorney may not raise it against his own client.

The work-product doctrine is equally inapplicable. The doctrine protects materials that are not covered by the attorney-client privilege but are prepared in anticipation of litigation and contain material revealing attorney's thoughts or strategies. *Texas Dept. of Mental Health and Mental Retardation v. Davis*, 775 S.W.2d 467, 471 (Tex. App.—Austin 1989, no writ). None of the materials at issue here were prepared in anticipation of litigation, unless H— claims that it created materials in anticipation of litigation with its own client. Such a statement would be an admission of a breach of the fiduciary duty owed by H— to Caprock, and it could hardly serve as a basis for this Court to allow H— to prohibit Plaintiff from obtaining those documents.

More importantly, the protection afforded by the doctrine is for the benefit of the client, and thus cannot be used by his own attorney against him. "[T]he work product doctrine does not apply to the situation in which a client seeks access to documents or other tangible things created or amassed by his attorney during the course of the representation." *Spivey v. Zant*, 683 F.2d 881, 885 (5th Cir.1982).

It appears that only one other court has considered this issue, and its reasoning and conclusion fully support this Court's analysis. In *Matter of Kaleidoscope, Inc.*, 15 B.R. 232 (Bankr.N.D.Ga.1981), *rev'd on other grounds*, 25 B.R. 729 (D.C.Ga.1982), the bankruptcy court exhaustively analyzed very similar claims and defenses as those presented here. While the entire opinion is impressive in the depth and breadth of its analysis, the bankruptcy court's exposition of the effect of this question on the relationship between a client and an attorney is most compelling.

To again emphasize the simple and all-important fact in this situation—an attorney is in a *fiduciary* relationship to his client, owing the highest duty of good faith and diligence, and has no right or

---

**3.** The Court notes that the Iowa State Bar has agreed, ruling in Ethics Opinion No. 87–21 (1988), *reprinted at* ABA/BNA Lawyer's Manual on Professional Conduct 901:3607 (current looseleaf), that a lawyer must provide a former client with the contents of his file, and may not insist that the request be routed through the successor counsel. "The files belong to the client and he has the right to direct where they shall be sent."

ability to unilaterally cull or strip from the files created or amassed during his representation of that client documents which he determines the client is not entitled to see. The client is either entitled to all of the file or none of it.

*Id.* at 244 (emphasis in original).

The one remaining contention is that Defendant already delivered to Caprock, during the course of its representation, virtually all of the documents contained in the current files. Defendant asserts that photocopying the entire file would cost between $70,000 and $80,000, an unfair burden when Plaintiff is simply trying to fill in the gaps in Caprock's own carelessly-kept files.

This argument is a red herring. First, Defendant is not obligated to copy the files, only to turn them over. Second, most, if not all, of the documents in Defendant's files were copied at *Caprock's* expense from the originals given to Caprock. Since the files were paid for by Caprock, they belong to Plaintiff. Any documents Defendant wishes to keep may be copied at its own expense. And while Defendant may anticipate that much of the file will be needed if litigation over its representation ensues, Defendant is entitled to receive copies of the relevant documents through discovery.

### Conclusion

An attorney is hired to represent the interests of his client, and every service provided by the attorney, including the creation of legal memoranda and attorney's notes and the copying of documents, is paid for by the client. To allow the attorney to decide which materials may or may not be revealed to the client from its files would deny the client the full benefit of the services for which he paid, often dearly. Even more important, giving such a power to an attorney would fundamentally undermine the fiduciary nature of the relationship between an attorney and a client. Such an alteration is unwarranted and untenable. "It is a sound public policy which exacts utmost fidelity of attorneys, and that policy should not be weakened by the whittling down process or the adding of numerous exceptions to the rules calling for its appli-

cation." *Henderson v. Shell Oil Co.,* 208 S.W.2d 863, 866 (Tex.), *cert. denied,* 335 U.S. 884, 69 S.Ct. 233, 93 L.Ed. 423 (1948).

Accordingly, Defendant is ORDERED to turn over to Plaintiff the entire contents, including previously withheld attorneys' notes and legal memoranda, of all files maintained for Caprock Savings and Loan Association by H—— which are currently in the possession or control of H——, or an agent of the law firm, within 15 days of the date of this Order.

SO ORDERED.